# EXHIBIT
# A

CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

**1884CV01657 The General Hospital Corporation vs. Esoterix Genetic Laboratories LLC**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Business Litigation | **FILE DATE:** | 05/30/2018 |
| **ACTION CODE:** | BE1 | **CASE TRACK:** | B - Special Track (BLS) |
| **DESCRIPTION:** | Fraud, Business Torts, etc. | | |
| **CASE DISPOSITION DATE** | | **CASE STATUS:** | Open |
| **CASE DISPOSITION:** | Pending | **STATUS DATE:** | 05/30/2018 |
| **CASE JUDGE:** | | **CASE SESSION:** | Business Litigation 1 |

| PARTIES | |
|---|---|
| **Plaintiff**<br>Dana-Farber Cancer Institute Inc | |
| **Plaintiff**<br>The General Hospital Corporation | |
| **Defendant**<br>Esoterix Genetic Laboratories LLC | |
| **Defendant**<br>Laboratory Corporation of America | |

CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 05/30/2018 | | Attorney appearance<br>On this date Douglas J Nash, Esq. added for Plaintiff The General Hospital Corporation | |
| 05/30/2018 | | Attorney appearance<br>On this date Carolyn Marcotte, Esq. added for Plaintiff The General Hospital Corporation | |
| 05/30/2018 | | Attorney appearance<br>On this date Douglas J Nash, Esq. added for Plaintiff Dana-Farber Cancer Institute Inc | |
| 05/30/2018 | | Attorney appearance<br>On this date Carolyn Marcotte, Esq. added for Plaintiff Dana-Farber Cancer Institute Inc | |
| 05/30/2018 | 1 | RESTRICTED INFORMATION - Original civil complaint filed. | |
| 05/30/2018 | 2 | Civil action cover sheet filed. | |
| 05/31/2018 | 3 | Plaintiff The General Hospital Corporation, Dana-Farber Cancer Institute Inc's EX PARTE Motion to<br>Impound Complaint and Exhibits Thereto: Rule 7(e) protects only trade secrets or other confidential information of like nature. Having reviewed the complaint, this court does not regard it to be a trade secret in its entirety. Therefore, this motion is only PROVISIONALLY ALLOWED in order to give plaintiff an opportunity to file with the court a redacted version of the complaint for the public file which redacts only those portions that constitute proprietary information subject to the Rule. Redacted version to be filed within 10 days (dated 5/30/18)<br><br>Judge: Sanders, Hon. Janet L | Sanders |
| 05/31/2018 | 4 | General correspondence regarding Notice of Acceptance into Business Litigation Session<br>This case is assigned to BLS 1 (dated 5/30/18)<br><br>Judge: Sanders, Hon. Janet L | Sanders |
| 06/06/2018 | 5 | The General Hospital Corporation, Dana-Farber Cancer Institute Inc's MOTION for appointment of Special Process Server.<br>Suvalle Jodrey | |
| 06/08/2018 | 6 | Plaintiff The General Hospital Corporation, Dana-Farber Cancer Institute Inc's Motion for<br>appointment of special process server<br><br>Dated: 06/07/2018 ALLOWED<br><br>Judge: Kaplan, Hon. Mitchell H | Kaplan |
| 06/08/2018 | 7 | REDACTED Copy of Original Complaint Filed | |
| 06/13/2018 | | Endorsement on Motion for (#5.0): ALLOWED<br>appointment   Notice sent 6/13/18<br><br>Judge: Kaplan, Hon. Mitchell H | Kaplan |

CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

| 06/13/2018 | 8 | Service Returned for<br>Defendant Laboratory Corporation of America: Service through person in charge / agent; |
| 06/13/2018 | 9 | Service Returned for<br>Defendant Esoterix Genetic Laboratories LLC: Service through person in charge / agent; |

| CIVIL ACTION COVER SHEET | DOCKET NO(S) **B.L.S.** 18-0167 | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) The General Hospital Corporation and Dana-Farber Cancer Institute, Inc. | DEFENDANT(S) Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number Douglas J. Nash (BBO# 633050) Carolyn A. Marcotte (BBO# 663616) Barclay Damon, LLP, One Financial Center, Suite 1701, Boston, MA 02111 (617) 274-2900 | ATTORNEY (if known) |
|---|---|

Origin Code Original Complaint

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? *
_____ (B) (X) Yes ( ) No
BE.1 Breaches of contract, misrepresentation, unfair practices, and other business torts

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

Plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute, Inc. (together, "Plaintiffs") bring this Complaint against the defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America (together, "Defendants") for breach of contract, and other claims, arising from the Defendants' breaches of the confidential License Agreement. Plaintiffs seek to recover money that is due to them from Defendants under the confidential License Agreement. In addition, Plaintiffs seek to recover, under Massachusetts General Laws Chapter 93A, for Defendants' knowing and willful breaches of the confidential License Agreement, which are intended to secure for Defendants un-bargained for benefits to the detriment of the Plaintiffs.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record

DATE: 5/30/18

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT DEPARTMENT

THE GENERAL HOSPITAL              )
CORPORATION and                   )
DANA-FARBER CANCER                )
INSTITUTE, INC.,                  )
                                  )
        Plaintiffs,               )
                                  )
        v.                        )                  C.A. No. 18-01657
                                  )
ESOTERIX GENETIC                  )
LABORATORIES, LLC and             )
LABORATORY CORPORATION OF         )
AMERICA,                          )
                                  )
        Defendants.               )

## PLAINTIFFS' EX PARTE MOTION TO IMPOUND COMPLAINT AND EXHIBITS THERETO

Pursuant to Trial Court Rule VIII, Massachusetts Rules of Impoundment Procedure, Plaintiffs The General Hospital Corporation ("MGH") and Dana-Farber Cancer Institute, Inc. ("DFCI") (together, "Plaintiffs") hereby move to impound their Complaint and Exhibits A and B attached thereto. In support of their motion, Plaintiffs state as follows:

1.      This case is an action for breach of contract, and other claims, arising from breaches by Defendants Esoterix Genetic Laboratories, LLC ("Esoterix") and Laboratory Corporation of America ("LabCorp") (together, "Defendants") of the License Agreement (defined below). Plaintiffs seek to recover money that is due to them from Defendants under the License Agreement. In addition, Plaintiffs seek to recover, under Massachusetts General Laws Chapter 93A, for Defendants' knowing and willful breaches of the License Agreement, which are intended to secure for Defendants un-bargained for benefits to the detriment of the Plaintiffs.

*[Handwritten annotations in margins:]*

*Left margin:* Rule 7(e) protects only trade secrets or other confidential information of like nature. Having reviewed the complaint, the court does not regard it to be a trade secret in 15 Strictly. Therefore, this Motion

*Top right:* 3

*Right margin:* is my professional Allowed in order to give plaintiff an opportunity to file with the E related using the complaint and the examples file which relate only the suitable Bail Disturbance to the end within 15 days.

*Bottom right:* [signature] 5/31/18 out a copy that an ...

*See* Affidavit of Carolyn A. Marcotte in Support of Plaintiffs' Motion to Impound Complaint and Exhibits Thereto ("Marcotte Aff."), submitted herewith, at ¶ 3.

2.      The Complaint Plaintiffs seek to file in this case discusses and attaches as exhibits two documents with confidentiality provisions. Marcotte Aff. at ¶ 4. More specifically, attached to the Complaint as Exhibit A and discussed therein is a May 2, 2005 Exclusive License Agreement and amendments thereto (the "License Agreement"), pursuant to which Plaintiffs have granted Esoterix and/or LabCorp, as successors-in-interest to Genzyme Corporation, for public use and benefit, an exclusive license under certain patent rights. *Id.*

3.      Section 13.15 of the License Agreement, entitled Confidentiality, states as follows:

> The existence and terms of this AGREEMENT shall not be disclosed by any PARTY without prior written permission from the other PARTIES. Notwithstanding the foregoing, it is understood that it is the intention of the PARTIES to issue a press release upon execution of this AGREEMENT in accordance with Section 13.7, and after such press release becomes public, any PARTY may disclose the existence of the AGREEMENT and any information contained in such press release, without permission from the other PARTY.

*Id.* at ¶ 5.

4.      In addition, attached to the Complaint as Exhibit B and discussed therein, is a copy of a confidential settlement agreement (without its Exhibits A and B) effective June 27, 2017, pursuant to which MGH, DFCI, Esoterix and LabCorp resolved a dispute that had arisen over the distribution of proceeds from efforts by Esoterix and/or LabCorp to enforce the licensed patents against a third party (the "Settlement Agreement"). *Id.* at ¶ 6.

5.      Section 7.4, Confidentiality, of the Settlement Agreement states as follows:

> The Parties agree to keep the terms of this Settlement Agreement, the terms of the QIAGEN Settlement, and any documents or other information delivered pursuant to the terms of this Settlement Agreement (collectively,

2

"Information") confidential, except as otherwise may be required by law (including compliance with the requirements of United States and foreign governmental authorities) or the rules of any United States or foreign stock exchanges. If a Party is required by judicial or administrative process to disclose any Information, it shall, to the extent possible, promptly notify the other Party and allow the other Party a reasonable time to oppose such process or seek a protective order from a court of competent jurisdiction.

*Id.* at ¶ 7.

6.      In light of the confidentiality provisions in both documents, Plaintiffs are required to seek to impound the Complaint and exhibits thereto. *Id.* at ¶ 8.

7.      Impoundment is sought by Plaintiffs, pursuant to Rule 7(e) of the Massachusetts Uniform Rules of Impoundment Procedure, to protect the confidential information.

8.      Plaintiffs seek to have the Complaint and exhibits thereto impounded for the duration of the litigation in this matter, and state that impoundment is necessary as there are no other alternatives that will protect the information at issue.

WHEREFORE, Plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute, Inc. respectfully request that the Court:

1.      allow this motion and issue the proposed Order submitted herewith, impounding the Complaint and Exhibits A and B thereto; and

2.      grant such other relief as the Court deems just and proper.

3

Respectfully submitted,

THE GENERAL HOSPITAL
CORPORATION AND DANA-FARBER
CANCER INSTITUTE, INC.
By their attorneys,

Douglas J. Nash (BBO# 633050)
Carolyn A. Marcotte (BBO# 663616)
Barclay Damon LLP
One Financial Center, Suite 1701
Boston, MA 02111
(617) 274-2900
dnash@barclaydamon.com
cmarcotte@barclaydamon.com

Dated: May 30, 2018

4

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court



CIVIL DOCKET#: **SUCV2018-01657-BLS1**

Case:  General Hospital Corp. et al. v. Esoterix Genetic Laboratories, LLC et al.

### NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS1**.

Hereafter, as shown above, all parties must include the initials "**BLS1**" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel.  Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to http://www.mass.gov/courts/court-info/trial-court/sc/sc-bls-gen.html for description of the Project).  Counsel may indicate their respective client's participation by completing, filing and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated: _____

_____
Janet L. Sanders
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET#: _____

Case: _____

As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference.  Counsel should be prepared to discuss the project with the Court at the initial case management conference.  For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at:
http://www.mass.gov/courts/court-info/trial-court/sc/sc-bls-gen.html)

If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

Yes,_____ is willing to participate in the Discovery Project.
(Party's Name)

Case Name _____

Docket Number CIVIL DOCKET#: _____

Counsel For_____          Date_____

Firm Name and Address:

_____

_____

_____

Please complete this form and return it to:

Helen Foley, Asst. Clerk      **OR**      Richard V. Muscato, Jr., Asst. Clerk
BLS1, Room 1309                            BLS2, Room 1017
3 Pemberton Square                         3 Pemberton Square
Boston, MA 02108                           Boston, MA 02108

5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT

THE GENERAL HOSPITAL          )
CORPORATION and               )
DANA-FARBER CANCER            )
INSTITUTE, INC.,              )
                              )
        Plaintiffs,           )
                              )
        v.                    )          C.A. No. 2018-01657-BLS1
                              )
ESOTERIX GENETIC             )
LABORATORIES, LLC and        )
LABORATORY CORPORATION OF    )
AMERICA,                     )
                              )
        Defendants.           )

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

   Plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute, Inc. move

this Court to appoint Suvalle Jodrey located at P.O. Box 869103, Milton, Massachusetts (617-

720-5733), who are over 18 years of age and disinterested parties, to act as special process

servers in the above-captioned matter.

*       *       *       *       *

Respectfully submitted,

THE GENERAL HOSPITAL
CORPORATION AND DANA-FARBER
CANCER INSTITUTE, INC.
By their attorneys,

Douglas J. Nash (BBO# 633050)
Carolyn A. Marcotte (BBO# 663616)
Barclay Damon LLP
One Financial Center, Suite 1701
Boston, MA 02111
(617) 274-2900
dnash@barclaydamon.com
cmarcotte@barclaydamon.com

Dated: June 6, 2018

2

*7*

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC., )<br><br>Plaintiffs, )<br><br>v. )<br><br>ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA, )<br><br>Defendants. ) | C.A. No. ___18-01657 BLS1___ |

### COMPLAINT

Plaintiffs The General Hospital Corporation ("MGH") and Dana-Farber Cancer Institute, Inc. ("DFCI") (together, "Plaintiffs") bring this Complaint against the defendants Esoterix Genetic Laboratories, LLC ("Esoterix") and Laboratory Corporation of America ("LabCorp") (together, "Defendants") for breach of contract, and other claims, arising from the Defendants' breaches of the License Agreement (defined below). Plaintiffs seek to recover money that is due to them from Defendants under the License Agreement. In addition, Plaintiffs seek to recover, under Massachusetts General Laws Chapter 93A ("Chapter 93A"), for Defendants' knowing and willful breaches of the License Agreement, which are intended to secure for Defendants un-bargained for benefits to the detriment of the Plaintiffs.

## THE PARTIES

1.      The plaintiff The General Hospital Corporation is a not-for-profit Massachusetts corporation, which owns and operates Massachusetts General Hospital, and has a principal place of business at 55 Fruit Street, Boston, Massachusetts.

2.      The plaintiff Dana-Farber Cancer Institute, Inc. is a Massachusetts company with a principal place of business at 450 Dana-Farber Cancer Institute, Inc., Brookline, Massachusetts.

3.      The defendant Esoterix Genetic Laboratories, LLC is, according to filings with the Corporations Division of the Massachusetts Secretary of State's Office, a Delaware corporation with a principal place of business at 231 Maple Avenue, Burlington, North Carolina. Further, upon information and belief, Esoterix's headquarters is located in Westborough, Massachusetts. In addition, upon information and belief, as set forth in the License Agreement (defined below), Esoterix is a wholly-owned subsidiary of Laboratory Corporation of America.

4.      The defendant Laboratory Corporation of America is, according to filings with the Corporations Division of the Massachusetts Secretary of State's Office, a Delaware corporation with a principal place of business at 231 Maple Avenue, Burlington, North Carolina. LabCorp is, upon information and belief, a corporate affiliate of Esoterix.

5.      Further, upon information and belief, Esoterix and LabCorp share the same principal place of business and utilize the same legal department, and LabCorp exercises control over Esoterix.

6.      To avoid injustice, MGH and DFCI seek to pierce the corporate veil and to hold LabCorp liable for the contractual and common law obligations of Esoterix.

2

7. ████████████████████████  ████████████

██████████████████████████████  ███████████████

█████████████████████████████████████████████████

██████████████████████

## FACTS

*The License Agreement*

8.    MGH and DFCI are world-renowned centers for patient care, research and education.

9.    MGH and DFCI own or control, by virtue of assignment, certain patent rights, including U.S. Patent Nos. 7,294,468; 7,964,349; 8,105,769; 8,465,916; and 9,035,036.

10.    Pursuant to the terms of a May 2, 2005 Exclusive License Agreement and amendments thereto (the "License Agreement"), MGH and DFCI have granted Esoterix and/or LabCorp, as successors-in-interest to Genzyme Corporation, for public use and benefit, an exclusive license under the patent rights. A true and accurate copy of the Confidential License Agreement with amendments thereto is attached here as Exhibit A.

11. 

*The Settlement Agreement*

12.    Effective June 27, 2017, the MGH, DFCI, Esoterix and LabCorp entered into an agreement to resolve a dispute that had arisen over the distribution of proceeds from efforts by Esoterix and/or LabCorp to enforce the licensed patents against a third party (the "Settlement

Agreement"). A true and accurate copy of the Confidential Settlement Agreement is attached here as Exhibit B.

13. 

14.

15.

16.

17.

18.     The breach of the License Agreement by Esoterix and/or LabCorp, as explained further below, is intended to secure for them un-bargained for benefits to the detriment of MGH and DFCI.

19. 

4



20.

21.

22.

23.

24.

25.

26.



27.

28.

29.

30.

31.

32.

33.

## COUNT I
### (Breach of Contract)

34.     Plaintiffs restate and incorporate by reference the allegations set forth in Paragraphs 1 through 33 as if fully set forth herein.

35.     Plaintiffs and Defendants entered into the License Agreement.

36.     As described more fully above, Defendants knowingly and ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮   ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮   ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮   ▮▮▮▮▮▮

▮▮▮▮▮▮

37.     As a result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be determined at trial.

## COUNT II
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

38.     Plaintiffs restate and incorporate by reference the allegations set forth in Paragraphs 1 through 37 as if fully set forth herein.

39.     There is a covenant of good faith and fair dealing inherent in every contract.

40.     By their actions and conduct described above, Defendants have violated the covenant of good faith and fair dealing inherent in the License Agreement.

41.     As a result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be determined at trial.

## COUNT III
### (Violation of M.G.L. Chapter 93A, §§ 2 and 11)

42.     Plaintiffs restate and incorporate by reference the allegations set forth in Paragraphs 1 through 41 as if fully set forth herein.

43.     At all times relevant hereto, Plaintiffs and Defendants have been engaged in trade or commerce.



46.     Defendants' unfair and deceptive practices occurred substantially in the Commonwealth of Massachusetts.

47.     Plaintiffs have suffered monetary damages as a result of Defendants' unfair and deceptive practices.

## COUNT IV
### (Unjust Enrichment)

48.     Plaintiffs restate and incorporate by reference the allegations set forth in Paragraphs 1 through 47 as if fully set forth herein.

8

49. 

50.     As a result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be determined at trial.

## COUNT V
### (Accounting/Injunctive Relief)

51.     MGH restates and incorporates by reference the allegations set forth in Paragraphs 1 through 50 as if fully set forth herein.

52.

53.

54.

## COUNT VI
### (Piercing the Corporate Veil)

55.     Plaintiffs restate and incorporate by reference the allegations set forth in Paragraphs 1 through 54 as if fully set forth herein.

56.

57.     The corporate form should not bar Plaintiffs from seeking the full relief to which they are entitled.

58.     In light of the allegations set forth above, and to avoid injustice, the corporate veil with respect to Esoterix should be pierced and LabCorp should be held liable for the contractual and common law obligations of Esoterix.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute, Inc. respectfully request that the Court enter the following relief:

1.     grant Plaintiffs judgment on Counts I through IV and VI of the Complaint;

2.     award Plaintiffs their damages, with interest, on Counts I through IV;

3.     order injunctive relief;

4.     order an accounting as requested in Count V of the Complaint;

5.     award Plaintiffs double or treble damages in accordance with M.G.L. c. 93A;

6.     award Plaintiffs' their attorneys' fees and costs; and

7.     award Plaintiffs such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

10

Respectfully submitted,

THE GENERAL HOSPITAL
CORPORATION AND DANA-FARBER
CANCER INSTITUTE, INC.
By their attorneys,

Douglas J. Nash (BBO# 633050)
Carolyn A. Marcotte (BBO# 663616)
Barclay Damon LLP
One Financial Center, Suite 1701
Boston, MA 02111
(617) 274-2900
dnash@barclaydamon.com
cmarcotte@barclaydamon.com

Dated: May 30, 2018

11

8

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _18 - 0 1657_

The General Hospital
Corporation, et al. , PLAINTIFF(S),

Esoterix Genetic Laboratories,
LLC, et al. , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Laboratory Corp. of America (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Sup. Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Court, Boston, MA (address), by mail or in person, AND

    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Barclay Damon LLP, 1 Financial Ctr., Ste. 1701, Boston, MA

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 18 -01657

The General Hospital
~~Corporation, et al.~~, PLAINTIFF(S),

v.

Esoterix Genetic Laboratories,
LLC, et al. _____, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Esoterix Genetic Lab., LLC (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Sup. Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed **original response** with the Clerk's Office for Civil Business, Suffolk Court, Boston, MA (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Barclay Damon LLP, 1 Financial Ctr., Ste. 1701, Boston, MA

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "**Motion to Dismiss,**" if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

JUNE 8, 2018

## RETURN OF SERVICE

*I this day SERVED the within named*   LABORATORY CORPORATION OF AMERICA
C/O CSC

*by delivering to*   BERNARDO MONTANEZ, CLERK, 1:40PM

X   *in hand*

*No.*   84 STATE ST
*in the city/town of* BOSTON, *an attested copy of the* Summons; Complaint with Exhibits A and B; Notice of Acceptance Into Business Litigation Session 1, with Discovery Project Forms; Plaintiff's Ex Parte Motion to Impound Complaint and Exhibits Thereto; Affidavit of Carolyn A. Marcotte in Support of Plaintiff's Ex Parte Motion to Impound Complaint and Exhibits Thereto; [Proposed] Order of Impoundment; Order Provisionally Granting Plaintiff's Ex Parte Motion to Impound Complaints and Exhibits Thereto; and Motion for Appointment of Special Process Server.

*Service and travel*   $   84

John Rymaszewski
_____
Process Server/

JUNE 8, 2018

## RETURN OF SERVICE

*I this day SERVED the within named*   ESOTERIX GENETIC LABORATORIES, LLC
C/O CSC

*by delivering to*   BERNARDO MONTANEZ, CLERK, 1:40PM

X   *in hand*

*No.*   84 STATE ST
*in the city/town of* BOSTON, *an attested copy of the* Summons; Complaint with Exhibits A and B; Notice of Acceptance Into Business Litigation Session 1, with Discovery Project Forms; Plaintiff's Ex Parte Motion to Impound Complaint and Exhibits Thereto; Affidavit of Carolyn A. Marcotte in Support of Plaintiff's Ex Parte Motion to Impound Complaint and Exhibits Thereto; [Proposed] Order of Impoundment; Order Provisionally Granting Plaintiff's Ex Parte Motion to Impound Complaints and Exhibits Thereto; and Motion for Appointment of Special Process Server.

*Service and travel*   $   84

John Rymaszewski

Process Server/

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT DEPARTMENT

|  |  |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 18 -0165 7 |

### AFFIDAVIT OF CAROLYN A. MARCOTTE IN SUPPORT OF PLAINTIFFS' MOTION TO IMPOUND COMPLAINT AND EXHIBITS THERETO

I, Carolyn A. Marcotte, state under oath as follows:

1.     I am counsel with the law firm of Barclay Damon LLP, counsel for Plaintiffs The General Hospital Corporation ("MGH") and Dana-Farber Cancer Institute, Inc. ("DFCI") (together, "Plaintiffs") in the above-captioned matter.

2.     I submit this affidavit in support of Plaintiffs' Ex Parte Motion to Impound Complaint and Exhibits Thereto.

3.     This case is an action for breach of contract, and other claims, arising from breaches by Defendants Esoterix Genetic Laboratories, LLC ("Esoterix") and Laboratory Corporation of America ("LabCorp") (together, "Defendants") of the License Agreement (defined below). Plaintiffs seek to recover money that is due to them from Defendants under the License Agreement. In addition, Plaintiffs seek to recover, under Massachusetts General Laws

Chapter 93A, for Defendants' knowing and willful breaches of the License Agreement, which are intended to secure for Defendants un-bargained for benefits to the detriment of the Plaintiffs.

4.     The Complaint Plaintiffs seek to file in this case discusses and attaches as exhibits two documents with confidentiality provisions.  More specifically, attached to the Complaint as Exhibit A and discussed therein is a May 2, 2005 Exclusive License Agreement and amendments thereto (the "License Agreement"), pursuant to which MGH and DFCI have granted Esoterix and/or LabCorp, as successors-in-interest to Genzyme Corporation, for public use and benefit, an exclusive license under certain patent rights.

5.     Section 13.15 of the License Agreement, entitled Confidentiality, states as follows:

> The existence and terms of this AGREEMENT shall not be disclosed by any PARTY without prior written permission from the other PARTIES. Notwithstanding the foregoing, it is understood that it is the intention of the PARTIES to issue a press release upon execution of this AGREEMENT in accordance with Section 13.7, and after such press release becomes public, any PARTY may disclose the existence of the AGREEMENT and any information contained in such press release, without permission from the other PARTY.

6.     In addition, attached to the Complaint as Exhibit B and discussed therein, is a copy of a confidential settlement agreement (without its Exhibits A and B) effective June 27, 2017, pursuant to which MGH, DFCI, Esoterix and LabCorp resolved a dispute that had arisen over the distribution of proceeds from efforts by Esoterix and/or LabCorp to enforce the licensed patents against a third party (the "Settlement Agreement").

7.     Section 7.4, Confidentiality, of the Settlement Agreement states as follows:

> The Parties agree to keep the terms of this Settlement Agreement, the terms of the QIAGEN Settlement, and any documents or other information delivered pursuant to the terms of this Settlement Agreement (collectively, "Information") confidential, except as otherwise may be required by law (including compliance with the requirements of United States and foreign

2

governmental authorities) or the rules of any United States or foreign stock exchanges. If a Party is required by judicial or administrative process to disclose any Information, it shall, to the extent possible, promptly notify the other Party and allow the other Party a reasonable time to oppose such process or seek a protective order from a court of competent jurisdiction.

8.    In light of the confidentiality provisions in both documents, Plaintiffs are required

to seek to impound the Complaint and exhibits thereto.

Signed under the penalties of perjury this 30th day of May 2018.

Carolyn A. Marcotte

3