UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC. <br><br> Plaintiffs, <br><br> v. <br><br> ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA, <br><br> Defendants. | C.A. NO. 1:18-CV-11360-IT |

**DEFENDANTS' MOTION TO IMPOUND THE COMPLAINT,
THE EXHIBITS THERETO, AND THE MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings, incorrectly identified in Plaintiffs' Complaint as Laboratory Corporation of America (collectively, "Defendants") hereby move, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, to impound the Complaint, Exhibits A and B thereto, and the Memorandum of Law in Support of Defendants' Motion to Dismiss. As grounds for their motion, Defendants state:

1. On or about May 30, 2018, Plaintiffs The General Hospital Corporation ("MGH") and Dana-Farber Cancer Institute, Inc. (DFCI) (collectively, "Plaintiffs") filed a complaint (the "Complaint") against Defendants in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, Case No. 18-01657-BLS (the "State Court Action").

2.      The Complaint attached two agreements as Exhibits A and B:  a May 2, 2005 Exclusive License Agreement (the "License Agreement"), and a June 27, 2017 Settlement Agreement and Release (the "Settlement Agreement") (collectively, the "Agreements").

3.      Concurrently with the filing of the Complaint in the State Court Action, Plaintiffs filed a Motion to Impound the Complaint and Exhibits A and B thereto in light of the Agreements' confidentiality provisions.  (ECF No. 1-1, at pp. 6-9.)   The Superior Court provisionally granted Plaintiffs' Motion to Impound, and ordered Plaintiffs to publicly file a redacted version of the Complaint, which it did.  (ECF No. 1-1, at pp. 6, 14-24.)

4.      The confidentiality provision of the License Agreement, Section 13.5, provides that:

> The existence and terms of this AGREEMENT shall not be disclosed by any PARTY without prior written permission from the other PARTIES. Notwithstanding the foregoing, it is understood that it is the intention of the PARTIES to issue a press release upon execution of this AGREEMENT in accordance with Section 13.7, and after such press release becomes public, any PARTY may disclose the existence of the AGREEMENT and any information contained in such press release, without permission from the other PARTY.

5.      The confidentiality provision of the Settlement Agreement, Section 7.4, provides that:

> The Parties agree to keep the terms of this Settlement, the terms of the QIAGEN Settlement, and any documents or other information delivered pursuant to the terms of this Settlement Agreement (collectively, "Information") confidential, except as otherwise may be required by law (including compliance with the requirements of the United States and foreign governmental authorities) or the rules of any United States or foreign stock exchanges.  If a Party is required by judicial or administrative process to disclose any Information, it shall, to the extent possible, promptly notify the other Party and allow the other Party a reasonable time to oppose such process or seek a protective order from a court of competent jurisdiction.

6.      On June 28, 2018, Defendants removed the State Court Action to this Court on the basis of diversity jurisdiction.  Defendants attached to their Notice of Removal of Action all documents filed publicly in the State Court Action, which include the redacted version of the Complaint filed by Plaintiffs pursuant to their Motion to Impound (ECF No. 1-1, at pp. 14-24) and excluded the Agreements.

7.      Defendants now seek to file the unredacted version of the Complaint and Exhibits A and B with this Court.

8.      Defendants also intend to move to dismiss the Complaint, and to file a Memorandum of Law in support thereof, which references the confidential terms of the License Agreement and Settlement Agreement.

9.      Accordingly, pursuant to the Agreements' confidentiality provisions, Defendants seek to impound the Complaint, Exhibits A and B thereto, and the Memorandum of Law in Support of Defendants' Motion to Dismiss.

10.     Defendants request that any impoundment order remain in effect until further order of the Court.

11.     WHEREFORE, Defendants respectfully request that this Court enter an order: (a) authorizing the impoundment of the Complaint, Exhibits A and B thereto, and the Memorandum of Law in Support of Defendants' Motion to Dismiss until further order of the Court; and (b) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

ESOTERIX GENETIC LABORATORIES,
LLC and LABORATORY
CORPORATION OF AMERICA

By their Attorneys,

CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.

*/s/ Christopher R. Howe*
James M. Campbell (BBO #541882)
jmcampbell@campbell-trial-lawyers.com
Christopher R. Howe (BBO #652445)
chowe@campbell-trial-lawyers.com
One Constitution Center, 3rd Floor
Boston, MA 02129
Tel: (617) 241-3000
Fax: (617) 241-5115

KELLEY DRYE & WARREN LLP
Robert I. Steiner (*pro hac vice* to be filed)
rsteiner@kelleydrye.com
Jaclyn M. Metzinger (*pro hac vice* to be filed)
jmetzinger@kelleydrye.com
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Christopher R. Howe, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings (collectively, "Defendants"), hereby certify that, pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts, I conferred with Carolyn A. Marcotte, counsel for Plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute Inc., regarding the issues raised in Defendants' Motion and Attorney Marcotte informed me that Plaintiffs assented to Defendants' Motion without prejudice to seek remand.

4

## CERTIFICATE OF SERVICE

I, Christopher R. Howe, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings (collectively, "Defendants"), hereby certify that on July 5, 2018, the foregoing Motion to Impound was electronically filed with the Court using the Court's electronic filing system (ECF), which will send notice of such filing to all counsel of record. The foregoing document is also available for viewing and/or downloading from ECF. I also served a copy of the foregoing Motion by first class mail, postage pre-paid, on all parties of record.

/s/ Christopher R. Howe
Christopher R. Howe