UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA, <br><br> Defendants. | C.A. No. 1:18-cv-11360-IT |

**PLAINTIFFS' EMERGENCY MOTION TO IMPOUND PORTIONS OF AMENDED COMPLAINT AND EXHIBITS THERETO**

Pursuant to Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, the plaintiffs The General Hospital Corporation ("MGH") and Dana-Farber Cancer Institute, Inc. ("DFCI") (together, the "plaintiffs") hereby move to impound portions of their anticipated Amended Complaint and certain exhibits to be attached thereto. The Amended Complaint will render the defendants' pending motion to dismiss moot, but it needs to be filed by the July 19, 2018 deadline for the plaintiffs to respond to that motion. The defendants object to the impoundment of one of the exhibits, which, depending on when the Court rules on this motion, could impact the plaintiffs' ability to meet that deadline. Thus, the plaintiffs respectfully request consideration of this motion on an emergency basis.

In support of their motion, the plaintiffs state as follows:

1.      This case is an action for breach of contract, and other claims, arising from the knowing and willful breach by defendants Esoterix Genetic Laboratories, LLC ("Esoterix") and Laboratory Corporation of America Holdings (a/k/a Laboratory Corporation of America) ("LabCorp") (collectively, the "defendants") of an Exclusive License Agreement dated May 2, 2005, and amendments thereto (the "License Agreement").  The plaintiffs seek to recover money that is due to them from the defendants under the License Agreement.  In addition, the plaintiffs seek to recover, under Massachusetts General Laws Chapter 93A, for the defendants' knowing and willful breach of the License Agreement, which was intended to secure for the defendants un-bargained for benefits to the detriment of the plaintiffs.

2.      The Amended Complaint the plaintiffs intend to file discusses and attaches as exhibits two documents with confidentiality provisions.  More specifically, attached to the Amended Complaint as Exhibit H and discussed therein is the License Agreement, pursuant to which the plaintiffs have granted Esoterix and/or LabCorp, as successors-in-interest to Genzyme Corporation, for public use and benefit, an exclusive license under certain patent rights.

3.      Section 13.15 of the License Agreement, entitled Confidentiality, states as follows:

> The existence and terms of this AGREEMENT shall not be disclosed by any PARTY without prior written permission from the other PARTIES. Notwithstanding the foregoing, it is understood that it is the intention of the PARTIES to issue a press release upon execution of this AGREEMENT in accordance with Section 13.7, and after such press release becomes public, any PARTY may disclose the existence of the AGREEMENT and any information contained in such press release, without permission from the other PARTY.

4.      In addition, attached to the Amended Complaint as Exhibit J and discussed therein, is a copy of a confidential settlement agreement (without its Exhibits A and B) effective June 27, 2017, pursuant to which MGH, DFCI, Esoterix and LabCorp resolved a dispute that had

arisen over the distribution of proceeds from efforts by Esoterix and/or LabCorp to enforce the licensed patents against a third party (the "Settlement Agreement").

5. Section 7.4, Confidentiality, of the Settlement Agreement states as follows:

> The Parties agree to keep the terms of this Settlement Agreement, the terms of the QIAGEN Settlement, and any documents or other information delivered pursuant to the terms of this Settlement Agreement (collectively, "Information") confidential, except as otherwise may be required by law (including compliance with the requirements of United States and foreign governmental authorities) or the rules of any United States or foreign stock exchanges. If a Party is required by judicial or administrative process to disclose any Information, it shall, to the extent possible, promptly notify the other Party and allow the other Party a reasonable time to oppose such process or seek a protective order from a court of competent jurisdiction.

6. In light of the confidentiality provisions in both documents, the plaintiffs are required to seek to impound portions of the Amended Complaint and various exhibits attached thereto which discuss the confidential documents and/or contain confidential information. Specifically, Exhibits H and J discussed above, as well as Exhibits A, B, E, I, and K, which contain or discuss confidential information subject to the confidentiality provisions set forth in Exhibits H and J. Exhibits C, D, F and G attached to the plaintiffs' Complaint do not contain confidential information and will be publicly filed.

7. The plaintiffs sought the defendants' consent prior to filing this motion. In response, the defendants requested copies of the exhibits sought to be impounded, which the plaintiffs provided. After reviewing the exhibits, the defendants consented to the impoundment of Exhibits A, B, E, H, J and K, but objected to the impoundment of Exhibit I, which is an email exchange between the defendants' counsel and other counsel representing the plaintiffs in a different matter. The email exchange concerned the settlement of a different claim and a different dispute than is at issue in this case.

8.      The defendants did not dispute that Exhibit I contains confidential information that is the proper subject of impoundment.  Instead, they object to impoundment because they claim Exhibit I is not admissible, presumably based on Rule 408 of the Federal Rules of Evidence.  Yet, admissibility is not a proper basis to object to a motion to impound.  Indeed, if it were, the Court would never be able to rule on the admissibility of a confidential document because it would never be able to see the document.

9.      In any event, Rule 408 does not apply where, as is the case with Exhibit I, the communication at issue relates to a different dispute concerning a different claim and involving an altogether different transaction.  *See*, *e.g.*, *Morlot Carpentry, Inc. v. Phillips*, No. 85-0097-WF, 1993 U.S. Dist. LEXIS 5108, *25 (D. Mass. Mar. 26, 1993) *citing B & B Investment Club v. Kleiner's Inc.*, 472 F. Supp. 787, 791 (E.D. Pa. 1979) ("Rule 408 excludes evidence of a compromise only on the issue of the amount or validity of a claim which is the subject of the compromise").

10.     Moreover, Rule 408 does not prevent using a communication to prove the intent of the parties, to interpret the meaning or scope of a term in a contract, or to prove a witness' bias, all of which are anticipated uses of Exhibit I as this case moves forward.  *See*, *e.g.*, *Catullo v. Metzner*, 834 F.2d 1075, 1078-79 (1st Cir. 1985) (admitting evidence of terms of settlement agreement in action to enforce the agreement); *Coakley & Williams v. Structural Concrete Equip.*, 973 F.2d 349 (4th Cir. 1992) (evidence of settlement is not precluded by Rule 408 where offered to prove a party's intent with respect to the scope of a release).

11.     To address the defendants' concerns, the plaintiffs respectfully request that the Court issue the impoundment order sought by the plaintiffs in this motion without prejudice to

4

the defendants' ability to challenge admissibility of the impounded material at the appropriate stage in the case.

12. The plaintiffs further respectfully request that the impoundment order remain in effect until further order of the Court.

WHEREFORE, plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute, Inc. respectfully request that the Court enter an order:

1. authorizing the impoundment of the Amended Complaint and Exhibits A, B, E, H, I, J and K thereto; and

2. granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE GENERAL HOSPITAL
CORPORATION AND DANA-FARBER
CANCER INSTITUTE, INC.
By their attorneys,

*/s/ Carolyn A. Marcotte*
Douglas J. Nash (BBO# 633050)
Carolyn A. Marcotte (BBO# 663616)
Barclay Damon LLP
One Financial Center, Suite 1701
Boston, MA 02111
(617) 274-2900
dnash@barclaydamon.com
cmarcotte@barclaydamon.com

Dated: July 17, 2018

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Carolyn A. Marcotte, counsel for the plaintiffs in the above-captioned matter, hereby certify that, pursuant to Local Rule 7.1(a)(2), plaintiffs' counsel conferred with counsel for defendants, as reflected above, regarding the issues raised in the foregoing Motion and defendants' counsel consented to the filing of a motion to impound with regard to all of the documents, except for one, as discussed above.

*/s/ Carolyn A. Marcotte*
Carolyn A. Marcotte

## **CERTIFICATE OF SERVICE**

   I, Carolyn A. Marcotte, certify that on July 17, 2018, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to the non-registered participants.

                      */s/ Carolyn A. Marcotte*
                      Carolyn A. Marcotte