UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS, <br><br> Defendants. | C.A. No. 1:18-cv-11360-IT |

**PLAINTIFFS' ASSENTED-TO MOTION TO IMPOUND: (1) PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND IN SUPPORT OF THEIR CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT; (2) PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS; AND (3) EXHIBITS TO THE AFFIDAVIT OF CAROLYN A. MARCOTTE**

Pursuant to Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, the plaintiffs The General Hospital Corporation ("MGH") and Dana-Farber Cancer Institute, Inc. ("DFCI") (together, the "plaintiffs") hereby move to impound portions of their anticipated Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Support of Their Cross-Motion for Partial Summary Judgment, Plaintiffs' Statement of Undisputed Facts, and exhibits to be attached to the Affidavit of Carolyn A. Marcotte. In support of their motion, the plaintiffs state as follows:

1. This case is an action for breach of contract, and other claims, arising from the knowing and willful breach by defendants Esoterix Genetic Laboratories, LLC ("Esoterix") and Laboratory Corporation of America Holdings (a/k/a Laboratory Corporation of America)

("LabCorp") (collectively, the "defendants") of an Exclusive License Agreement dated May 2, 2005, and amendments thereto (the "License Agreement"). The plaintiffs seek to recover money that is due to them from the defendants under the License Agreement. In addition, the plaintiffs seek to recover, under Massachusetts General Laws Chapter 93A, for the defendants' knowing and willful breach of the License Agreement, which was intended to secure for the defendants un-bargained for benefits to the detriment of the plaintiffs.

2. On July 18, 2018, the plaintiffs filed redacted versions of their Amended Complaint and Exhibits Thereto, pursuant to the Court's July 18, 2018 Order. [ECF No. 18.]

3. On August 1, 2018, the defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint. [Dkt. No. 30.]

4. The plaintiffs' opposition to the defendants' motion to dismiss is due on August 15, 2018.

5. Some of the documents the plaintiffs intend to file on August 15, specifically their Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Support of Their Cross-Motion for Partial Summary Judgment, Plaintiffs' Statement of Undisputed Facts, and the Affidavit of Carolyn A. Marcotte, discuss and attach documents with confidentiality provisions. More specifically, attached to the Amended Complaint as Exhibit H and discussed therein is the License Agreement, pursuant to which the plaintiffs have granted Esoterix and/or LabCorp, as successors-in-interest to Genzyme Corporation, for public use and benefit, an exclusive license under certain patent rights.

6. Section 13.15 of the License Agreement, entitled Confidentiality, states as follows:

> The existence and terms of this AGREEMENT shall not be disclosed by any PARTY without prior written permission from the other PARTIES.

> Notwithstanding the foregoing, it is understood that it is the intention of the PARTIES to issue a press release upon execution of this AGREEMENT in accordance with Section 13.7, and after such press release becomes public, any PARTY may disclose the existence of the AGREEMENT and any information contained in such press release, without permission from the other PARTY.

7. In addition, attached to the Amended Complaint as Exhibit J and discussed therein, is a copy of a confidential settlement agreement (without its Exhibits A and B) effective June 27, 2017, pursuant to which MGH, DFCI, Esoterix and LabCorp resolved a dispute that had arisen over the distribution of proceeds from efforts by Esoterix and/or LabCorp to enforce the licensed patents against a third party (the "Settlement Agreement").

8. Section 7.4, Confidentiality, of the Settlement Agreement states as follows:

> The Parties agree to keep the terms of this Settlement Agreement, the terms of the QIAGEN Settlement, and any documents or other information delivered pursuant to the terms of this Settlement Agreement (collectively, "Information") confidential, except as otherwise may be required by law (including compliance with the requirements of United States and foreign governmental authorities) or the rules of any United States or foreign stock exchanges. If a Party is required by judicial or administrative process to disclose any Information, it shall, to the extent possible, promptly notify the other Party and allow the other Party a reasonable time to oppose such process or seek a protective order from a court of competent jurisdiction.

9. In light of the confidentiality provisions in both documents, the plaintiffs are required to seek to impound portions of their Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Support of their Cross-Motion for Partial Summary Judgment, Plaintiffs' Statement of Undisputed Facts, and exhibits attached to the Affidavit of Carolyn A. Marcotte, which discuss the confidential documents and/or contain confidential information.

10. The plaintiffs respectfully request that the Court issue the impoundment order sought by the plaintiffs in this motion.

11. The plaintiffs further respectfully request that the impoundment order remain in effect until further order of the Court.

WHEREFORE, plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute, Inc. respectfully request that the Court enter an order:

1. authorizing the impoundment of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Support of Their Cross-Motion for Partial Summary Judgment, Plaintiffs' Statement of Undisputed Facts, and exhibits to be attached to the Affidavit of Carolyn A. Marcotte; and

2. granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE GENERAL HOSPITAL CORPORATION AND DANA-FARBER CANCER INSTITUTE, INC.
By their attorneys,

*/s/ Carolyn A. Marcotte*
Douglas J. Nash (BBO# 633050)
Carolyn A. Marcotte (BBO# 663616)
Barclay Damon LLP
One Financial Center, Suite 1701
Boston, MA 02111
(617) 274-2900
dnash@barclaydamon.com
cmarcotte@barclaydamon.com

Dated: August 13, 2018

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Carolyn A. Marcotte, counsel for the plaintiffs in the above-captioned matter, hereby certify that, pursuant to Local Rule 7.1(a)(2), plaintiffs' counsel conferred with counsel for defendants regarding the issues raised in the foregoing Motion and defendants' counsel assented to the filing of a motion to impound.

*/s/ Carolyn A. Marcotte*
Carolyn A. Marcotte

## **CERTIFICATE OF SERVICE**

      I, Carolyn A. Marcotte, certify that on August 13, 2018, this Motion to Impound filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to the non-registered participants.

                                      */s/ Carolyn A. Marcotte*
                                      Carolyn A. Marcotte