UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS, <br><br> Defendants. | C.A. No. 1:18-cv-11360-IT |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

In accordance with Federal Rule of Civil Procedure 56 and Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts, the plaintiffs The General Hospital Corporation ("MGH") and Dana-Farber Cancer Institute, Inc. ("DFCI") (together, the "plaintiffs") submit the following statement of undisputed facts in support of their Motion for Partial Summary Judgment as to the breach of contract claim in Count I in the Amended Complaint.

*The License Agreement*

1.      The plaintiffs own a number of patents directed to detecting the presence of the epidermal growth factor receptor ("EGFR") mutation which, when present, is predictive of the efficacy of certain chemotherapeutic treatments for lung cancer.  (*See* Affidavit of Carolyn A. Marcotte in

Support of the Plaintiffs' Motion for Partial Summary Judgment submitted herewith ("Marcotte Aff."), Ex. A, License Agreement.)

2. In 2005, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Marcotte Aff., Ex. A at p. 1.) Years later, in 2010, defendant Laboratory Corporation of America Holdings (a/k/a Laboratory Corporation of America ("LabCorp") purchased most of Genzyme's genetic testing business, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Marcotte Aff., Ex. A.)  LabCorp created defendant Esoterix Genetic Laboratories, LLC ("Esoterix") to manage those assets for the benefit of LabCorp and thus had the License Agreement assigned to Esoterix who, at least nominally, would be the licensee going forward. (*Id.*)  (LabCorp and Esoterix are referred to herein together as the "defendants.")



(Marcotte Aff., Ex. A ▮▮▮▮▮▮▮▮▮▮▮▮▮)

(Marcotte Aff., Ex. A ▮▮▮▮▮▮▮▮▮▮▮▮▮)

2

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████████████████████

*The Sublicense and the Underlying Litigation*

6.      ████████████████████████████████████████████████████████████████

████████████████████████████████████████████. (*See* Marcotte Aff., Ex. A ██████

████████)

7.      One such sub-license was granted in two different agreements to a company called DxS, Ltd., whose rights under the sub-license were later assumed by another company called QIAGEN Manchester Ltd. ("QIAGEN"). (*See* Marcotte Aff., Ex. B, ██████████

██████████████████████████████████████████████████████████████████████████

████████████████)

8.      In 2014, Esoterix sued QIAGEN for infringement of certain of the plaintiffs' patents, breach of the sublicense, and related claims in the United States District Court for the District of Massachusetts, Case No. 14-cv-13228 (the "QIAGEN Litigation").) (*Id.*)

9.      The defendants ultimately settled all claims in the QIAGEN Litigation. (*Id.* at pp. 1-2.)

10.     ██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

11.     ██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████████

12. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*The Settlement Agreement*

15. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17. ███████████████████████████████████████████████████████████

███████████████████████████████████████

18. ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████

19. ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████

20. The plaintiffs were ready, willing, and able to perform under the License Agreement. (*See* Marcotte Aff., Ex. E.)

Respectfully submitted,

THE GENERAL HOSPITAL
CORPORATION AND DANA-FARBER
CANCER INSTITUTE, INC.
By their attorneys,

*/s/ Carolyn A. Marcotte*
Douglas J. Nash (BBO# 633050)
Carolyn A. Marcotte (BBO# 663616)
Barclay Damon LLP
One Financial Center, Suite 1701
Boston, MA 02111
(617) 274-2900
dnash@barclaydamon.com
cmarcotte@barclaydamon.com

Dated: August 15, 2018

## **CERTIFICATE OF SERVICE**

      I, Carolyn A. Marcotte, counsel for the plaintiffs in the above-captioned matter, certify that on August 15, 2018, the plaintiffs' Statement of Undisputed Facts filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to the non-registered participants.

                                              */s/ Carolyn A. Marcotte*
                                              Carolyn A. Marcotte