UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) | C.A. No. 1:18-cv-11360-IT |
| v. | ) ) ) | |
| ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**JOINT STATEMENT AND PROPOSED CASE SCHEDULE**

Pursuant to the Court's July 26, 2018 Notice of Scheduling Conference, Rules 16 and 26 of the Federal Rules of Civil Procedure and Rule 16.1(d) of the Local Rules for the United States District Court for the District of Massachusetts, the plaintiffs The General Hospital Corporation ("MGH") and Dana-Farber Cancer Institute, Inc. ("DFCI") and the defendants Esoterix Genetic Laboratories, LLC ("Esoterix") and Laboratory Corporation of America Holdings ("LabCorp") submit this Joint Statement and Proposed Case Schedule for the Court's consideration for the August 27, 2018, Conference in this matter.

For the reasons set forth in the Joint Motion to Continue Scheduling Conference filed with the Court this afternoon [Dkt. No. 53], the parties respectfully request that the August 27, 2018 Scheduling Conference be continued, in the interest of judicial economy, to a date convenient to the Court after September 19, 2018, at which point the two pending dispositive

motions (the defendants' motion to dismiss and the plaintiffs' cross-motion for partial summary judgment) will be fully briefed and may be heard at the same time.

## I. BACKGROUND

The plaintiffs bring claims against the defendants for breach of contract, and other claims, arising from what the plaintiffs allege to be the defendants' knowing and willful breach of an Exclusive License Agreement dated May 2, 2005, and amendments thereto (the "License Agreement"). The plaintiffs seek to recover money that they allege is due to them from the defendants under the License Agreement. In addition, the plaintiffs seek to recover, under Massachusetts General Laws Chapter 93A ("Chapter 93A"), for what the plaintiffs allege is the defendants' knowing and willful breach of the License Agreement, which, as alleged by the plaintiffs, was intended to secure for the defendants un-bargained for benefits to the detriment of the plaintiffs.

The defendants have moved to dismiss the plaintiffs' Amended Complaint. In their motion to dismiss, the defendants contend that the plaintiffs released their claim to the money at issue in connection with the settlement of a prior litigation, and therefore cannot claim a breach of contract based on the defendants' failure to pay that money. The defendants further contend that the plaintiffs' remaining claims are barred for the same reason, and/or because they are duplicative of the plaintiffs' breach of contract claim or otherwise fail to state a claim for relief. Finally, the defendants contend that the plaintiffs have not alleged any basis on which to impose liability against LabCorp, which is not a party to the License Agreement.

## II. PROCEDURAL HISTORY

The plaintiffs originally filed suit in Massachusetts Superior Court, Suffolk County, Business Litigation Session, on May 30, 2018. The defendants removed the suit to this Court on

June 28, 2018 [Dkt. No. 1], asserting that this Court has original diversity jurisdiction over the plaintiffs' claims against the defendants pursuant to 28 U.S.C. § 1332.

On July 5, 2018, the defendants moved to dismiss the plaintiffs' Complaint. On July 18, 2018, the plaintiffs filed, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), an Amended Complaint [Dkt. No. 18]. On July 19, 2018, the Court by Electronic Order [Dkt. No. 20] denied the defendants' motion to dismiss plaintiffs' Complaint as moot in light of the filing of the Amended Complaint.

On August 1, 2018, the defendants filed a motion to dismiss plaintiffs' Amended Complaint. [Dkt. Nos. 30-35.] On August 15, 2018, the plaintiffs filed an opposition to the defendants' motion to dismiss plaintiffs' Amended Complaint and a cross-motion for partial summary judgment on Count I of the plaintiffs' Amended Complaint. [Dkt. Nos. 41-44.] The defendants' opposition to the plaintiffs' cross-motion for partial summary judgment on Count I of the plaintiffs' Amended Complaint is due on September 5, 2018. The plaintiffs' reply is due on September 19, 2018.

### III.     PROPOSED AGENDA OF MATTERS TO BE DISCUSSED

1. The defendants' pending motion to dismiss plaintiffs' Amended Complaint
2. The plaintiffs' pending cross-motion for partial summary judgment
3. Below discovery plan and proposed scheduling order
4. The potential disqualification of Robert Steiner (a likely witness as well as trial counsel to the defendants in this case)

**IV.	DISCOVERY PLAN**

    **A.	Subjects of Discovery, Completion of Discovery and Phased Discovery**

The parties agree that, except for the exchange of initial disclosures by September 10, 2018, all discovery will be stayed until after the Court's decision on dispositive motions pre-Answer.

Depending on the outcome of dispositive motions pre-Answer, the plaintiffs anticipate that discovery may be needed on at least the following topics:

1. Discussions and negotiations concerning the Settlement Agreement;
2. The defendants' dissatisfaction with the terms of the License Agreement;
3. The defendants' bad faith and improper attempt to secure an un-bargained for benefit to the detriment of the plaintiffs;
4. The amounts due to the plaintiffs under the License Agreement;
5. The defendants' failure and refusal to pay the amount due under the License Agreement; and
6. LabCorp's exercise of control over Esoterix and plaintiffs' other allegations concerning piercing the corporate veil.

The defendants anticipate that discovery may be needed on at least the following topics:

1. The plaintiffs' breach of the License Agreement; and
2. The plaintiffs' breach of the Settlement Agreement.

In accordance with the parties' proposed Scheduling Order, see Section V below, the parties propose that fact discovery be completed within 180 days of the Court's decision on the pending motions.

### B. Electronically Stored Information

The parties agree to take all reasonable measures to preserve electronically stored information ("ESI") that may be discoverable under Fed. R. Civ. P. 26(b). The parties shall cooperate to agree upon the scope of discovery for ESI, the format and media for the production of ESI and the procedure for such production.

### C. Claims of Privilege or Protection of Trial Preparation Materials

The parties agree to meet and confer regarding the format of their privilege logs. In the absence of an agreement, the parties will comply with Fed. R. Civ. P. 26(b)(5) with respect to claims of privilege and corresponding privilege logs. The parties also agree to comply with Fed. R. Civ. P. 26(b)(5) with respect to the protection of trial preparation materials and inadvertent disclosures.

### D. Discovery Limitations

The parties do not propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.

## V. PROPOSED SCHEDULING ORDER

The parties jointly propose the following schedule:

### 1. Answer to Complaint

The defendants answer to the plaintiffs' First Amended Complaint is due within 14 days after the Court's decision on the defendants' motion to dismiss.

### 2. Initial Disclosures

Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by *September 10, 2018*.

### 3. Amendments to Pleadings

Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after *September 28, 2018*.

### 4. Fact Discovery – Interim Deadlines

(a) Initial requests for production of documents and interrogatories must be served within 30 days of the Court's decision on the pending motions.

(b) Any subsequent set of requests for production of documents and interrogatories (for a total of 25 interrogatories) must be served within 120 days of the Court's decision on the pending motions.

(c) All requests for admission must be served within 150 days of the Court's decision on the pending motions.

(d) All depositions, other than expert depositions, must be completed within 180 days of the Court's decision on the pending motions.

### 5. Fact Discovery – Final Deadline

All discovery, other than expert discovery, must be completed within 180 days of the Court's decision on the pending motions.

### 6. Expert Discovery

The parties do not anticipate, at this time, that experts will be required in this case.

### 7. Dispositive Motions

Any dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed within 30 days of the conclusion of fact discovery.

## VI.   MAGISTRATE JUDGE

The parties do not consent at this time to the reassignment of the case to a Magistrate Judge for all purposes.

## VII.   LOCAL RULE 16.1(d)(3) CERTIFICATIONS

The parties have or will each file and serve the certification required by Local Rule 16.1(d)(3).

Respectfully submitted,

Plaintiffs,
THE GENERAL HOSPITAL
CORPORATION and
DANA-FARBER CANCER
INSTITUTE, INC.
By their attorneys,

*/s/ Carolyn A. Marcotte*
Douglas J. Nash (BBO# 633050)
Carolyn A. Marcotte (BBO# 663616)
Barclay Damon LLP
One Financial Center, Suite 1701
Boston, MA 02111
(617) 274-2900
dnash@barclaydamon.com
cmarcotte@barclaydamon.com

Defendants,
ESOTERIX GENETIC LABORATORIES,
LLC and LABORATORY CORPORATION
OF AMERICA HOLDINGS,

By their attorneys,

*/s/ Jaclyn M. Metzinger*
James M. Campbell (BBO# 541882)
Christopher R. Howe (BBO# 652445)
Campbell Campbell Edwards & Conroy, P.C.
One Constitution Center, 3rd Floor
Boston, MA 02129
(617) 241-3041
jmcampbell@campell-trial-lawyers.com
chowe@campbell-trial-lawyers.com

Robert I. Steiner (admitted *pro hac vice*)
Jaclyn M. Metzinger (admitted *pro hac vice*)
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
(212) 808-7800
rsteiner@kelleydrye.com
jmetzinger@kelleydrye.com

Dated:  August 20, 2018

## **CERTIFICATE OF SERVICE**

      I, Carolyn A. Marcotte, certify that on August 20, 2018, this Joint Statement and Proposed Case Schedule filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to the non-registered participants.

                                                */s/ Carolyn A. Marcotte*
                                                Carolyn A. Marcotte