UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>        Defendants. | C.A. NO: 1:18-cv-11360-IT |

### DEFENDANTS' MOTION TO IMPOUND THE MEMORANDUM OF LAW AND COUNTERSTATEMENT OF UNDISPUTED FACTS IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings (collectively, "Defendants") hereby move, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, to impound the Memorandum of Law in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment and the Counterstatement of Undisputed Facts in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment. As grounds for their Motion, Defendants state:

      1.     On July 17, 2018, Plaintiffs The General Hospital Corporation ("MGH") and Dana-Farber Cancer Institute, Inc. ("DFCI") (collectively, "Plaintiffs") filed an Emergency Motion to Impound Portions of the Amended Complaint and Exhibits Thereto (ECF No. 15), which they intended to file, and did file, on July 18, 2018 (ECF No. 18).

2. The basis of Plaintiffs' Motion to Impound was that the Amended Complaint discusses and attaches: (1) a May 2, 2005 Exclusive License Agreement (the "Master License Agreement") and a June 27, 2017 Settlement Agreement and Release (the "Settlement Agreement") (collectively, the "Agreements"), both of which contain confidentiality provisions, and (2) various other documents that contain or discuss confidential information subject to the Agreements' confidentiality provisions.

3. The confidentiality provision of the Master License Agreement, Section 13.5, provides that:

> The existence and terms of this AGREEMENT shall not be disclosed by any PARTY without prior written permission from the other PARTIES. Notwithstanding the foregoing, it is understood that it is the intention of the PARTIES to issue a press release upon execution of this AGREEMENT in accordance with Section 13.7, and after such press release becomes public, any PARTY may disclose the existence of the AGREEMENT and any information contained in such press release, without permission from the other PARTY.

4. The confidentiality provision of the Settlement Agreement, Section 7.4, provides that:

> The Parties agree to keep the terms of this Settlement, the terms of the QIAGEN Settlement, and any documents or other information delivered pursuant to the terms of this Settlement Agreement (collectively, "Information") confidential, except as otherwise may be required by law (including compliance with the requirements of the United States and foreign governmental authorities) or the rules of any United States or foreign stock exchanges. If a Party is required by judicial or administrative process to disclose any Information, it shall, to the extent possible, promptly notify the other Party and allow the other Party a reasonable time to oppose such process or seek a protective order from a court of competent jurisdiction.

5. On July 18, 2018, the Court entered an order allowing Plaintiffs' Emergency Motion to Impound Portions of the Amended Complaint and Exhibits Thereto,

without prejudice to either: (i) a motion to unseal on the ground that the sealed portions should be placed on the public document, or (ii) a challenge to the admissibility of the impounded material if it is referenced in summary judgment papers or offered at trial. (ECF No. 16.)

6. On August 1, 2018, Defendants moved to dismiss the Amended Complaint, and filed a Motion to Impound the Memorandum of Law in Support of Defendants' Motion to Dismiss. (ECF No. 34.)

7. On August 2, 2018, the Court entered an order allowing Defendants' Motion to Impound the Memorandum of Law in Support of Defendants' Motion to Dismiss without prejudice to a motion to unseal on the ground that the sealed portions should be placed on the public docket. (ECF No. 37.).

8. On August 13, 2018, Plaintiffs filed an Assented-To Motion to Impound: (1) Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Support of Their Cross-Motion for Partial Summary Judgment; (2) Plaintiffs' Statement of Undisputed Facts; and (3) Exhibits to the Affidavit of Carolyn Marcotte. (ECF No. 39.)

9. On August 14, 2018, the Court entered an order allowing Plaintiffs' Assented to Motion to Impound without prejudice to a motion to unseal on the ground that the sealed portions should be placed on the public docket. (ECF No. 40.)

10. Defendants intend to file a Memorandum of Law in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment and a Counterstatement of Undisputed Facts in Opposition to Plaintiffs' Motion for Partial Summary Judgment, which reference the confidential terms of the Master License Agreement and Settlement Agreement, as well as the other confidential communications discussed in and attached to the Amended Complaint.

11. Accordingly, pursuant to the Agreements' confidentiality provisions, Defendants seek to impound the Memorandum of Law in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment and the Counterstatement of Undisputed Facts in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgement.

12. Defendants request that any impoundment order remain in effect until further order of the Court.

WHEREFORE, Defendants respectfully request that this Court enter an order: (a) authorizing the impoundment of the Memorandum of Law in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment until further order of the Court; (b) authorizing the impoundment of the Counterstatement of Undisputed Facts in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgement until further order of the Court; and (c) granting such other and further relief as the Court deems just and proper.

Dated: September 5, 2018  Respectfully submitted,
      Boston, MA

ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS

By their Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

*/s/ Christopher R. Howe*
James M. Campbell (BBO # 541882)
jmcampbell@campbell-trial-lawyers.com
Christopher R. Howe (BBO #652445)
chowe@campbell-trial-lawyers.com
One Constitution Center, 3rd Floor
Boston, MA  02129
Tel: (617) 241-3041
Fax: (617) 241-5115

Robert I. Steiner (admitted *pro hac vice*)
rsteiner@kelleydrye.com
Jaclyn M. Metzinger (admitted *pro hac vice*)
jmetzinger@kelleydrye.com
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

## **LOCAL RULES 7.1(a)(2) CERTIFICATION**

      I, Christopehr R. Howe, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings (collectively, "Defendants"), hereby certify that, on September 5, 2018, pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts, I conferred with Carolyn A. Marcotte, counsel for plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute Inc. (collectively, "Plaintiffs"), regarding the issues raised in Defendants' Motion, and Attorney Marcotte informed me that Plaintiffs assent to Defendants' Motion.

                */s/ Christopher R. Howe*
                Christopher R. Howe

## **CERTIFICATE OF SERVICE**

I, Christopher R. Howe, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings, hereby certify that on September 5, 2018, I electronically filed the foregoing Motion to Impound the Memorandum of Law in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.  I also served a true copy of the above Motion to Impound by email and/or first class mail, postage pre-paid, on all parties of record.

*/s/ Christopher R. Howe*
Christopher R. Howe