UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS, <br><br> Defendants. | C.A. NO. 1:18-cv-11360-IT |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Esoterix Genetic Laboratories, LLC ("EGL") and Laboratory Corporation of America Holdings ("LabCorp") (collectively "Defendants"), by their undersigned counsel, respectfully submit this memorandum of law in opposition to Plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute, Inc.'s (collectively "Plaintiffs") cross-motion for partial summary judgment as to the breach of contract claim in Count I of Plaintiffs' Amended Complaint.

**PRELIMINARY STATEMENT**

The Parties agree on two things: (1) the Settlement Agreement is unambiguous, and (2) its interpretation is a question of law appropriate for resolution on either Defendants' motion to dismiss or Plaintiffs' cross-motion for partial summary judgment. (Pl. Br. 9.)[1] What the parties disagree on is   In support, Plaintiffs rely on caselaw that does not apply and parole evidence that is not admissible. Neither approach has merit.

---

[1] "Pl. Br." refers to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Support of Their Cross-Motion for Partial Summary Judgment, filed on August 15, 2018. (ECF No. 42.)

Plaintiffs' reliance on parole evidence is similarly unavailing. Plaintiffs concede, as they must, that parole evidence is not admissible for the purposes of interpreting a fully integrated and unambiguous agreement. They also admit that the Settlement Agreement lacks any ambiguity and should be interpreted as a matter of law.And while Plaintiffs argue that the parole evidence that they seek to offer is only relevant to their *alternative* claim for reformation of the Settlement Agreement—a claim for which they are *not* moving for summary judgment—they nevertheless relyon and mischaracterize that same evidence in support of their summary judgment motion on their breach of contract claim. This evidence should be disregarded and the Court should not only deny Plaintiffs' motion for summary judgment, but also either grant Defendants' motion to dismiss or grant summary judgment in Defendants'favor.

## STATEMENT OF FACTS

The facts relevant to Plaintiffs' motion are largely undisputed and have been fully explained by Defendants in their memorandum in support of their motion to dismiss. (ECF No. 31 at 3-8.) Thus, Defendants hereby incorporate that statement of facts in its entirety.

## ARGUMENT

**I.** _____

    **A.** _____

(Pl. Br. 1.)



(MarcotteAff. Ex. B, § 3.1 (emphasis added).)[2]

---

[2] "MarcotteAff." refers to the Affidavit of Carolyn A. Marcotte in Support of Plaintiffs' Motion for Partial Summary Judgment. (ECF No. 44.)

*See Clark Sch. For Creative Learning, Inc. v. Philadelphia Indem. Ins. Co.*, No. CIV.A. 12-10475-DJC, 2012 WL 6771835, at *8 (D. Mass. Dec. 26, 2012), *aff'd*, 734 F.3d 51 (1st Cir. 2013) ("It is well settled that '[a]n interpretation which gives a reasonable meaning to all of the provisions of a contract is to be preferred to one which leaves a part useless or inexplicable'"); *Babcock Borsig Power GmbH v. Babcock Power, Inc.*, No. CIV.A. 04-10825-RWZ, 2006 WL 1581742, at *3 (D. Mass. Mar. 23, 2006) ("Under Massachusetts law, courts avoid interpreting contracts in a manner that would render express terms superfluous.")

and Plaintiffs' reliance on statute of limitations cases like *Berkshire v. Burbank*, 422 Mass. 659, 661 (1996), for the proposition that "[a] contract action accrues at the time the contract is breached" (Pl. Br. 1, 10) is inapposite.

**B.** _____

Plaintiffs' argument that  (Pl. Br. 11) is similarly unavailing.  There are a number of problems with this argument, the most important being that this is not at all what the Settlement Agreement says.  (*Id.*)  But they did not.  (MarcotteAff. Ex. B § 3.1.)  Plaintiffs' strained interpretation *See Clark Sch. For Creative Learning, Inc.*, 2012 WL 6771835, at *8; *Babcock Borsig Power GmbH*, 2006 WL 1581742, at *3.

**C.** _____

Plaintiffs further contend that (Pl. Br. 11-12.)  This argument, however, ignores the plain text of the Master License Agreement.

A common sense reading of the Master License Agreement demonstrates that


Finally, Plaintiffs ignore that

3

For these reasons, Plaintiffs' contention that (Pl. Br. 11) is misplaced. (Pl. Br. 12 (emphasis added).)

**D.** _____

Plaintiffs' contention that (Pl. Br. 12) is belied by the plain language of the Master License Agreement. In fact,

(Marcotte Ex. A, § 4.3 (emphasis added).) Plaintiffs argue that, (Pl. Br. 12.) But, once again, this construction of the Master License Agreement is contrary to its plain language, and presumes that

(Marcotte Ex. A § 4.3.)   (Marcotte Ex. A §§ 1.28, 4.5(e).)  (Marcotte Ex. A § 4.3.) Plaintiffs' position should be rejected. *See Clark Sch. For Creative Learning, Inc.*, 2012 WL 6771835, at *8; *Babcock Borsig Power GmbH*, 2006 WL 1581742, at *3.

### E. Plaintiffs' Allegations Regarding the Parties' Intent are Inadmissible on Their Motion for Summary Judgment

In the same brief that Plaintiffs argue that the Settlement Agreement is unambiguous (Pl. Br. 9-13), they also ask the Court to consider parole evidence in the form of a single email exchange dated from the early stages of the negotiations that led up to the execution of the Settlement Agreement. (Pl. Br. 10-11, 20-22.) And while Plaintiffs structure their brief to suggest that this parole evidence is applicable only to their alternative claim for reformation of the contract (Pl. Br. 20-22), their summary judgment motion also refers to paragraphs in their Amended Complaint that quote and purport to interpret that same parole evidence. (Pl. Br. 10-11, citing paragraphs 22 and 29 of their Amended Complaint which, in turn, cite to the parole email exchange at issue.)

As explained at length in Defendants' memorandum of law in support of its Motion to Dismiss (ECF No. 31 at 14-15), evidence of intent is inadmissible to interpret an unambiguous

agreement, *See, e.g.*, *Hermes Automation Tech., Inc. v. Hyundai Elecs. Indus*. Co., 915 F.2d 739, 747 (1st Cir. 1990) ("[W]here the language of an integrated release agreement is unambiguous as applied to the question at hand and the intent of the parties is clear solely on the basis of that language, the parol evidence rule bars the use of extrinsic evidence to contradict that plain language."); *Warner Co. v. Liberty Mut. Ins. Co*., 80 Mass. App. Ct. 1104, 2011 WL 3611396, at *4 (2011) (refusing to consider a term sheet that preceded an integrated settlement agreement, holding that "no injustice would result from literal enforcement of the chosen language"); *NJR Const. Co. v. Saunders*, No. CA936407F, 1994 WL 879942, at *1 (Mass. Super. May 18, 1994) (refusing to consider an attorney affidavit "for the purpose of altering the unambiguous terms of the [integrated] Settlement Agreement and the release").

Plaintiffs ignore all of this caselaw and, instead, cite cases discussing the admissibility of parole evidence *on a reformation claim*, not on a claim for breach of an unambiguous contract. (Pl. Br. 21-22.) These cases lend no support for the Court's consideration of parole evidence on Plaintiffs' motion for summary judgment on its *breach of contract claim*, especially since Plaintiffs admit and argue that the Settlement Agreement is unambiguous and should be interpreted as a matter of law. (Pl. Br. 9.) The parole evidence they offer should be disregarded in ruling on Plaintiffs' motion.[3]

## II. THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS

Although Defendants did not separately move for summary judgment, the circumstances of this case are ripe for the entry of summary judgment in their favor.

As a general matter, a court may enter summary judgment *suasponte* when two

---

[3] It should also be noted that, contrary to Plaintiffs' repeated allegations (Am. Compl. ¶¶ 22, 23, 24, 25, 29, 66) and argument (Pl. Br. 6, 7-8, 11, 14, 22, 24),  (MarcotteAff. Ex. B § 3.1.)

5

conditions are satisfied: "1) there has been a reasonable opportunity to glean material facts through the discovery process, and 2) the targeted party received appropriate notice and opportunity to present evidence on the essential elements of the claim or defense." *Tucard, LLC v. Fid. Nat. Prop. &Cas. Ins. Co*., 567 F. Supp. 2d 215, 222 (D. Mass. 2008); *see also Sanchez v. Triple-S Mgmt., Corp*., 492 F.3d 1, 7 (1st Cir. 2007) ("A district court can enter summary judgment even though none of the parties asks for it"). Courts "[do] not demand the completion of discovery before the entry of suasponte summary judgment," and summary judgment may even be entered *suasponte*"before *any* discovery ha[s] taken place," where the decision is "based on legal conclusions independent of any potentially available evidence." *Sanchez*, 492 F.3dat 9.

*Bank v. Int'l Bus. Machines Corp.*, 145 F.3d 420, 431 (1st Cir. 1998), is directly on point. In *Bank*, the defendant (IBM) moved for summary judgment before any discovery had taken place, arguing that the terms of an integrated contract were unambiguous. *See id.*at 423. The district court construed the contract language as unambiguously supporting the plaintiff's position, and granted summary judgment in the plaintiff's favor despite the fact that the plaintiff had not moved for summary judgment (and, in fact, had opposed summary judgment on the ground that the contract was ambiguous.). *See id.*at 423-24.The First Circuit affirmed, finding that IBM's own summary judgment motion on the unambiguous nature of the agreement demonstrated that it had "ample opportunity to explain its understanding of the contract terms and set forth its interpretation of the contract's text." *Id.* at 431. *See also Tucard*, 567 F. Supp. 2d at 222 (granting summary judgment *suasponte* in favor of nonmoving party where "no further discovery would alter the outcome"); *Sanchez*, 492 F.3d at 9 (holding that the "the suasponte nature of the summary judgment order was not error" where the plaintiffs had "'a reasonable opportunity to glean the material facts' before the district court ordered summary judgment on its

own initiative" and "the plaintiffs had 'appropriate notice and a chance to present [their] evidence on the essential elements of the claim[s]' that the district court found insufficient in entering summary judgment.")

This case is even more appropriate for *suasponte* summary judgment since Plaintiffs and Defendants *agree* that the Settlement Agreement is unambiguous and can be interpreted as a matter of law. Plaintiffs themselves have moved for summary judgment on this exact premise. Thus, it cannot be disputed that Plaintiffs have "received appropriate notice and [the] opportunity to present evidence on the essential elements of the claim or defense" as required under Massachusetts law.

As established above and in Defendants' motion to dismiss and should be construed without reference to parole evidence. Thus, like in *Bank* and *Tucard*, no further discovery is needed to reach the necessary legal determinations, and the Court is within its right to grant summary judgment to Defendants. It follows that if Defendants are entitled to summary judgment on Plaintiff's breach of contract claim, their related claims for breach of the implied covenant of good faith and fair dealing, violation of Chapter 93A, accounting,and reformation of contractalso fail as a matter of law and summary judgment should be entered in Defendants' favor on those claims as well.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court: (1) deny Plaintiffs' motion for partial summary judgment in its entirety; (2) grant summary judgment in favor of Defendants; and (3) grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: September 5, 2018<br>Boston, MA | Respectfully submitted,<br><br>ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS<br><br>By their attorneys,<br><br>CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.<br><br>/s/ Christopher R. Howe<br><br>James M. Campbell (BBO # 541882)<br>jmcampbell@campbell-trial-lawyers.com<br>Christopher R. Howe (BBO #652445)<br>chowe@campbell-trial-lawyers.com<br>One Constitution Wharf, Suite 310<br>Boston, MA  02129<br>Tel: (617) 241-3041<br>Fax: (617) 241-5115<br><br>KELLEY DRYE & WARREN LLP<br>Robert I. Steiner (admitted *pro hac vice*)<br>rsteiner@kelleydrye.com<br>Jaclyn M. Metzinger (admitted *pro hac vice*)<br>jmetzinger@kelleydrye.com<br>101 Park Avenue<br>New York, NY 10178<br>Tel: (212) 808-7800<br>Fax: (212) 808-7897 |

## **CERTIFICATE OF SERVICE**

I, Christopher R. Howe, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings, hereby certify that on September 5, 2018, I electronically filed the foregoing Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.  I also served a true copy of the above Memorandum by first class mail, postage pre-paid, on all parties of record.

/s/ Christopher R. Howe
Christopher R. Howe