UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC., | ) ) ) ) | |
|  | ) | C.A. NO. 1:18-cv-11360-IT |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' COUNTERSTATEMENT OF UNDISPUTED FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of this Court, Defendants Esoterix Genetic Laboratories, LLC ("EGL") and Laboratory Corporation of America Holdings ("LabCorp") (collectively "Defendants"), by their undersigned counsel, hereby respond to PlaintiffsThe General Hospital Corporation and Dana-Farber Cancer Institute, Inc.'s (collectively, "Plaintiffs") Statement of Undisputed Facts (ECF No. 43) as follows:

1. Admitted that . (*See* Marcotte Aff. Ex. A, at 1, §§ 1.24, 1.9.)[1] (Marcotte Aff. Ex. A at 1 (emphasis added), §§ 1.24, 1.32.)

2. Admitted that ,(ii) that in 2010 LabCorp purchased most of Genzyme's genetic testing business, ; and (iii) that LabCorp created EGL to manage the assets purchased from Genzyme. While Plaintiffs refer to Marcotte Aff. Ex. B () to support their claims (i) that EGL's management of the assets purchased from Genzyme was "for the benefit of LabCorp," and (ii)

---

[1] "Marcotte Aff." refers to the Affidavit of Carolyn A. Marcotte in Support of Plaintiffs' Motion for Partial Summary Judgment (ECF No. 44).

that EGL's status as licensee under the Master License Agreement is "nominal," this document does not provide any factual support for these claims and therefore they are denied.

    3.    Admitted, except Defendants respectfully refer the Court to the cited materials for their true and complete contents,

■

■.

(Marcotte Aff. Ex. A, §§ 4.5(a), 4.5(b).)

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

    7.    Denied that one sublicense was granted in two different agreements to DxS, Ltd, but otherwise admitted. (*See* Marcotte Aff. Ex. B at 1.) EGL granted two separate sublicense agreements to DxS, Ltd., whose rights were later assumed by QIAGEN Manchester Ltd. (*See id.*)

    8.    Denied that QIAGEN Manchester Ltd. was the only named defendant in the action commenced by EGL in 2014 in the United States District Court for the District of Massachusetts, Case No. 14-cv-13228 (the "QIAGEN Litigation") (*see* Marcotte Aff. Ex. B at 1), but otherwise admitted.

    9.    Admitted.

    10.    Denied that (*see* Marcotte Aff. Ex. B, Ex. B), but otherwise admitted.

    11.    Denied that (*see* Marcotte Aff. Ex. B, Ex. B), but otherwise admitted.

    12.    Denied that this term is found at Marcotte Aff., Ex. B at p.2 (*see* Marcotte Aff. Ex. B, Ex. B § 4.1), but otherwise admitted.

13. Denied that (*see* Marcotte Aff. Ex. A §§ 7.1-7.6), but admitted . (*See* Marcotte Aff. Ex. B, § 2.1.)

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied. " (Marcotte Aff. Ex. B, § 3.1.)

18. Denied that . (*See* Marcotte Aff. Ex. A, § 4.3; Marcotte Aff. Ex. B, § 3.1; Marcotte Aff. Ex. C.)

19. Denied that . (*See* Marcotte Aff. Ex. A, § 4.3; Marcotte Aff. Ex. B, § 3.1; Marcotte Aff. Ex. C.)

20. Plaintiffs' reference to Marcotte Aff. Ex. E, a November 3, 2017 "Notice of Dispute" sent from Plaintiffs to Defendants, does not support Plaintiffs' claim that "[t]he plaintiffs were ready, willing, and able to perform under the License Agreement[]"and therefore this claim is denied.

Dated: September 5, 2018         Respectfully submitted,
       Boston, MA
                                 ESOTERIX GENETIC LABORATORIES,
                                 LLC and LABORATORY CORPORATION
                                 OF AMERICA HOLDINGS

                                 By their attorneys,

                                 CAMPBELL CAMPBELL EDWARDS &
                                 CONROY, P.C.

                                  /s/ Christopher R. Howe

James M. Campbell (BBO # 541882)
jmcampbell@campbell-trial-lawyers.com
Christopher R. Howe (BBO #652445)
chowe@campbell-trial-lawyers.com
One Constitution Wharf, Suite 310
Boston, MA  02129
Tel: (617) 241-3041
Fax: (617) 241-5115

KELLEY DRYE & WARREN LLP
Robert I. Steiner (admitted *pro hac vice*)
rsteiner@kelleydrye.com
Jaclyn M. Metzinger (admitted *pro hac vice*)
jmetzinger@kelleydrye.com
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

## **CERTIFICATE OF SERVICE**

I, Christopher R. Howe, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings, hereby certify that on September 5, 2018, I electronically filed the foregoing Counterstatement of Material Facts in Opposition to Plaintiffs' Motion for Partial Summary Judgment with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.  I also served a true copy of the above Memorandum by first class mail, postage pre-paid, on all parties of record.

/s/ Christopher R. Howe
Christopher R. Howe