```
 1                      UNITED STATES DISTRICT COURT
                         DISTRICT OF MASSACHUSETTS
 2

 3


 4    THE GENERAL HOSPITAL              )
      CORPORATION, et al,               )
 5                  Plaintiffs,         )
                                        )
 6                                      )
      vs.                               )  CA No. 18-11360-IT
 7                                      )
                                        )
 8    ESOTERIX GENETIC LABORATORIES,    )
      LLC, et al,
 9                  Defendants.


10


11    BEFORE:   THE HONORABLE INDIRA TALWANI


12


13                  SCHEDULING CONFERENCE/MOTION HEARING


14


15


16         John Joseph Moakley United States Courthouse
                          Courtroom No. 9
17                       One Courthouse Way
                          Boston, MA 02210
18                     Friday, October 26, 2018
                              2:30 p.m.
19


20


21
                       Cheryl Dahlstrom, RMR, CRR
22                       Official Court Reporter
             John Joseph Moakley United States Courthouse
23               One Courthouse Way, Room 3510
                          Boston, MA 02210
24         Mechanical Steno - Transcript by Computer

25
```

```
 1   APPEARANCES:

 2   ON BEHALF OF THE PLAINTIFFS:

 3       BARCLAY DAMON, LLP
         By:  Carolyn A. Marcotte, Esq.
 4       One Financial Center
         Boston, Massachusetts 02111
 5
         BARCLAY DAMON, LLP
 6       By:  Douglas J. Nash, Esq.
         125 East Jefferson Street
 7       Syracuse, New York 13202

 8
     ON BEHALF OF THE DEFENDANTS:
 9
         CAMPBELL, CAMPBELL, EDWARDS & CONROY, PC
10       By:  Christopher Robert Howe, Esq.
         One Constitution Center
11       Boston, Massachusetts 02129

12       KELLEY, DRYE & WARREN, LLP
         By:  Jaclyn M. Metzinger, Esq.
13            Robert I. Steiner, Esq.
         101 Park Avenue
14       New York, New York 10178

15

16

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | THE CLERK: U.S. District Court is now in session. |
| 3 | The Honorable Judge Indira Talwani presiding. This is Case No. |
| 4 | 18-cv-11360, The General Hospital Corporation, et al v. |
| 5 | Esoteric Genetic Laboratories, LLC, et al. Will counsel please |
| 6 | identify themselves for the record. |
| 7 | MR. NASH: Good afternoon, your Honor. Doug Nash from |
| 8 | Barclay Damon, on behalf of the plaintiffs. |
| 9 | THE COURT: Good afternoon. |
| 02:31 10 | MS. MARCOTTE: Good afternoon, your Honor. Carolyn |
| 11 | Marcotte of Barclay Damon, also for the plaintiffs. |
| 12 | THE COURT: Good afternoon. |
| 13 | MS. METZINGER: Good afternoon, your Honor. Jaclyn |
| 14 | Metzinger of Kelley Drye & Warren, for defendants. |
| 15 | THE COURT: Good afternoon. |
| 16 | MR. STEINER: Good afternoon, your Honor. Robert |
| 17 | Steiner, also for the defendants, from Kelley Drye. |
| 18 | THE COURT: Good afternoon. |
| 19 | MR. HOWE: Good afternoon, your Honor. Christopher |
| 02:31 20 | Howe, also on behalf of the defendants. |
| 21 | THE COURT: Good afternoon. You may be seated. |
| 22 | So this was originally scheduled for a hearing on the |
| 23 | two pending motions; but as I started making my way through the |
| 24 | papers, I found that the bulk of what had been filed was under |
| 25 | seal. I had allowed you to file under seal, but I don't think |

1  I had anticipated the extent to which you were looking to have
2  me analyze and render an opinion on sealed matters.  So the
3  posture poses a dilemma, and I wanted to give you an
4  opportunity to be heard and determine what's the best way to
5  proceed.
6       It is my view and my understanding of the case law
7  that, before I make a decision that is based on matters that
8  are not in the public view, I need to make a determination that
9  the material needs to be protected.  So it seems to me a lot
10 cleaner way here to proceed is to, first off, start and -- at
11 the top and see what I actually need to see.
12      If I don't need to see something to make a decision,
13 then it doesn't bother me that it's not on the public docket.
14 Frankly, it can be stricken from the record.  If I do need to
15 see it, I need a reason other than simply, well, we have an
16 agreement that bound us for it to be confidential.  There's
17 nothing that would bother anybody, but we said confidential, so
18 now we're filing under seal.  That's not quite good enough.
19      And so I wanted to see if this was something we can
20 resolve simply or whether there is a real reason for me to dig
21 in.  I give you an example.  To the extent, for example, that
22 you -- a party wants me to interpret contract language but they
23 don't want to make publicly available a dollar figure, there's
24 certainly no reason for me not to review redacted documents, to
25 have no sealed documents but simply redacted documents, where

the part that I look at is the same that the public looks at and my decision-making is open for scrutiny and available for decisions.  I don't care perhaps what the dollar amount is.  It's not relevant, or if it is relevant, maybe it's only relevant because it illustrates that something is a factor of something else, and we don't need to get into the details.  So, you know -- or maybe there's a computer code and the computer code is meaningless to me; it doesn't need to be in the documents.  So to the extent that this can be presented with truly confidential or proprietary material redacted, it seems to me that is the simplest resolution here.

To the extent that you think I need to actually look at something, that there has to be a reason that it's out of the public eye, you need to explain it to me.  So with that --

MR. NASH:  I guess I'll go, your Honor, on behalf of the plaintiffs.

We certainly can proceed that way.  I think the parties would be able to work together with -- there's a lawyer here for Qiagen who I know sought to intervene, and your Honor denied it at least as of today.  We can certainly work on a redacted set of documents that everyone at least agrees to or, if they don't, we can present the narrow issues in dispute.

But in thinking about it in a way not to sort of delay the process -- in thinking about it before we came here today, one of the things I thought of was your Honor can rely on

1  whatever your Honor thinks she needs to rely on to decide the
2  two pending motions.  But before your Honor releases that
3  opinion to the public, the parties and Qiagen could be given
4  the opportunity to propose redactions to the documents that you
5  rely on.
6            THE COURT:  I think you're misunderstanding my problem
7  here.
8            MR. NASH:  Okay.
9            THE COURT:  My problem isn't just that you want to
02:36 10  keep things confidential.  That's your problem.  My problem is
11  I have an obligation to the public.  I'm not a private, paid
12  arbitrator.  I have an obligation -- what I do is a public
13  record.  My decision-making is subject to scrutiny.  My
14  courtroom is open.  How I think, what I think, how I'm
15  reasoning is something for the -- it's an open document.
16            If you want private resolution, you know, go to
17  arbitration.  But if what you -- what you have when you're in
18  public courts are public reasoning; you're paid for it, and
19  it's subject to public scrutiny.  So, for example, if you want
02:36 20  me to interpret a particular term, it may turn out that, in
21  fact -- I would assume this might be some common boilerplate
22  language that's in many different places.  Nobody really cares.
23  There's no privacy interest.  So I put some words in.  You have
24  no problem with those all coming out.  But somebody looking at
25  how I got to my reasoning has no clue.

1      So I understand that there would be an interest in not
2 delaying.  I would suggest that the expedient -- I don't want
3 to cause enormous rebriefing, but it does seem to me that there
4 should be a way to figure out what actually matters to be kept
5 confidential and do you need that for the dispute here, or is
6 it good enough to say, Here's some terms; we need you to under
7 -- we need you to interpret or determine whether this is --
8 where any of this goes?  And as to the part we need you to look
9 at, it doesn't matter if that's confidential or not.
10     MR. NASH:  I understand your Honor's concern, and I
11 think your Honor is right.  Probably the way to proceed is as
12 you suggested.  The parties should get together and try to
13 agree on as much as possible about what they would propose to
14 redact and justify the redaction.  I'm sorry -- yeah, the
15 redaction.
16     THE COURT:  I would approach it slightly differently,
17 which is, you have each other's briefing now, so you can see
18 from the face of your briefings what actually matters for me to
19 see.  And so it may be that the more expedient way to proceed
20 is to sort of start out and see whether there's an agreement
21 that something can be -- you know, whether it's set forth in
22 abbreviated form, do I -- I don't need to see a whole contract.
23 I'm perfectly fine looking at a document where all you're
24 showing me is one paragraph.  If you agree that there's no
25 problem with my seeing that one paragraph or the public seeing

1    that one paragraph and then figure out if there's -- so perhaps
2    taking your existing -- it's not so much should this document
3    be kept confidential or should this document, but it's a little
4    bit -- if you go to your briefs, what -- taking your briefs,
5    that's what you think I needed to know.
6         Some of what you have blacked out, that's redacted --
7    I tried to sort of compare the two to the redacted and the
8    unredacted version.  I think your theory on redaction was, if
9    this references a confidential document, it must be redacted.
02:39 10    Well, really?  There's no dispute that there are -- these
11    documents exist.  And if the language is in general terms, does
12    it really need to be redacted?  Can you reach an agreement on
13    what it is okay to see?
14         MR. NASH:  It sounds like what your Honor is looking
15    for is a set of documents that the parties agree the Court
16    needs to consider in rendering the decision and that just sets
17    forth the specific portions of those documents that the Court
18    needs to consider, and those documents will then be publicly
19    available once your Honor writes her decision.
02:40 20         THE COURT:  Right.  Unless you say, Look, this clause
21    is critical.  We keep this clause secret.  But if that's what
22    you want to say, then you need to explain to me why it needs to
23    be kept secret because this is just -- my sealing it, I just --
24    this was sort of a matter of -- you said, Here, please, seal
25    it.  I said, Seal it.  But there is this public right to know.

1   MS. METZINGER: I would say, your Honor, that despite
2   the bulk of the papers, I think there really is only a small
3   piece that you actually need to consider for the decision, and
4   I think we can work with plaintiffs to agree on that,
5   certainly.
6   As to just the general practice of redacting things
7   that reference the agreement, I think both parties were
8   operating out of a concern to the third party, Qiagen, because
9   their information was also in those materials, and we certainly
10  didn't want to breach the confidentiality. But now that Qiagen
11  has become -- or may become involved in this proceeding, I
12  think all three parties can work together.
13  THE COURT: Yeah. Completely unclear to me whether I
14  need to know any of the details of the Qiagen contract or not.
15  I'm just not -- I'm not clear on that.
16  I guess what I would ask that you do is that we set up
17  a briefing schedule, but in advance of anything being filed --
18  you know each other's arguments, and so I don't want this to be
19  a way to try and affect his each other's arguments, but I think
20  you can pare down what I see based on what I actually need to
21  see.
22  MS. METZINGER: So, in effect, we would initially, in
23  the first instance, show you what we think you need; and then,
24  to the extent there's briefing on things that would be
25  considered, that would be after the fact.

1          THE COURT:  Right.  If you can -- if you can agree --
2  right now, if you can agree that really this whole fight comes
3  down to four pieces -- portions of four pieces of paper and out
4  of that, three of them, no one has any problem with my seeing
5  those portions, and the fourth, you strongly dispute it, it
6  seems to me we can just tee that up as to do we need to keep
7  that confidential or not.  If you need to keep it confidential,
8  if there's a good reason, I'll do that; I'll work with that.
9          But I don't want -- the situation I don't want to be
10  in is you file all these sealed documents.  I then write a
11  decision.  Someone then comes to me and says you have no
12  business having this sealed, and I look at them and I say, You
13  know what?  You're right.  And then there we are.
14          It's a whole lot better if we simply -- what I'm sort
15  of anticipating your doing is that we replace -- that we do
16  essentially refiling.  We can strike the existing documents off
17  the record so there's no question about unsealing them.
18  They're just gone.  I'm not using them.  I'm not looking at
19  them.  We file new sealing.  If there's an agreement on what I
20  see, then we don't need to have any further practice about
21  that.  If there's a disagreement, then we have a narrow,
22  teed-in dispute as to why a particular thing needs to be kept
23  confidential.
24          MS. METZINGER:  I think we can do that, your Honor,
25  for sure.

|     |     |
| --- | --- |
| 1   | THE COURT: What's the timeline? I imagine you want |
| 2   | to get moving, but I think it would be efficient if you work |
| 3   | through first with each other. |
| 4   | MR. NASH: How about two weeks, your Honor? |
| 5   | THE COURT: That's fine. |
| 6   | MR. NASH: That would allow us to talk next week, and |
| 7   | then the parties can go and do what they have to do for the |
| 8   | following week. |
| 9   | MS. METZINGER: I think that works. |
| 02:43 10 | THE COURT: Does it make sense to -- well, in a sense, |
| 11  | one of the documents we're talking about is the complaint. |
| 12  | MR. NASH: Yes. |
| 13  | THE COURT: So does it make sense to see if you can |
| 14  | have an agreement -- in fact, critically, that's really what |
| 15  | we're talking about since it is a motion to dismiss for the |
| 16  | most part -- or a motion for -- because the partial summary |
| 17  | judgment is based on the same documents that are attached to |
| 18  | the complaint. |
| 19  | MR. NASH: Correct. |
| 02:43 20 | THE COURT: Really, it's taking the complaint and the |
| 21  | attached exhibits and see if you can reach an agreement of what |
| 22  | in there truly needs to be redacted or not. If there's an |
| 23  | agreement, then plaintiff can simply file whatever this would |
| 24  | be, a Second Amended Complaint. Then we can proceed with the |
| 25  | briefing being public. If there's no agreement, then we would |

```
 1    just tee that up as a motion to seal.
 2              And then, once we get to that point, we'll replace a
 3    Second Amended Complaint with what's there and then do public
 4    briefing on it instead of --
 5              MR. NASH:  Are we given leave as of now to file a
 6    Second Amended Complaint provided the parties can agree on
 7    what's redacted?
 8              THE COURT:  Yes.
 9              MR. NASH:  Or do we need a motion --
10              THE COURT:  Yes, but I'm anticipating -- I'm not
11    anticipating a new -- an opportunity to do anything new or
12    expanded.  This is simply a way to pull it back.
13              MR. NASH:  Understood, or to propose redactions that
14    are much narrower than are in the current redacted version of
15    the amended complaint.
16              THE COURT:  Exactly, including exhibits that are
17    redacted -- again, there's this notion that we have to have the
18    true and correct copy of the document.  If you agree on what
19    I'm seeing, I don't need to have the full true and correct
20    copy.  I can just have the piece of it.
21              So, yes, you have leave to file a Second Amended
22    Complaint so long as it is agreed upon by the parties.  And if
23    you don't have an agreement on the documents, let's have a
24    motion to seal -- and I don't really understand which party
25    wants to keep what confidential, but whichever side wants
```

1     something confidential can file the motion to seal at that
2     point.
3              MR. NASH:  I think there's a shared interest by both
4     parties in some information being kept confidential.
5              MS. METZINGER:  I think that's right, your Honor.
6              THE COURT:  Okay.  So two weeks to either file an
7     amended -- an agreed-upon amended complaint or file your
8     motions to seal.
9              MR. NASH:  I was also contemplating that the motion --
10    assuming that we can agree on the Second Amended Complaint,
11    that the motions would be refiled as well.
12             THE COURT:  Yes, absolutely, but I don't -- I don't
13    want to rush you so much that you're having sort of crazy
14    paper, but, yes.  And I would envision your filing -- it's not
15    just -- I'm not sure it's going to be efficient to simply say
16    it's redaction at that point versus saying we're using
17    shorthand for something, right?  The whole point being if, for
18    example, in my example of sort of a contract includes salary
19    terms, if, instead of saying the dollar amount, we say a 50
20    percent increase over the prior year, you might -- I'm not
21    suggesting that you can't find different language so that we
22    don't have to have the actual documents so long as it doesn't
23    create new problems.
24             MS. METZINGER:  So, your Honor, if we can come to an
25    agreement within that two-week period, I would suggest maybe

1   tacking on another week or two to refile the briefs.
2           THE COURT:  That's great.
3           MR. NASH:  Let's go with another week.
4           THE COURT:  Another week and then let's get -- so that
5   would mean we're three weeks -- two weeks out.
6           When can we get them back on the calendar for the
7   hearing, motion hearing?  Give me a week after they file.
8           Friday, November 16th, at 11:00.
9           MS. METZINGER:  That's when the briefs would be due?
02:48 10        THE COURT:  No.  That's when I would have you for a
11  hearing.  One week to -- you asked for --
12          MS. METZINGER:  You said two weeks for the complaint,
13  another --
14          MR. NASH:  I thought maybe December is what you meant.
15          MS. METZINGER:  I thought we had said two weeks for
16  the agreement on the complaint or motion to seal and then one
17  more week for the briefs.  So that would put us at the 16th for
18  the briefs.
19          THE COURT:  The following week is Thanksgiving so the
02:49 20 week after that.
21  (Discussion held off the record.)
22          THE COURT:  2:30 on Friday, the 30th.
23          MR. NASH:  Your Honor, the matter was also on for a
24  Rule 16 conference.  Should we expect to do the Rule 16
25  conference on the 30th as well?

1       THE COURT: I have to confess to not having brought
2  down whatever you filed, if you filed, on the --
3       Do you have it? Let me take a look at it. If we can
4  make our way through that, we might as well.
5       MS. METZINGER: I think the key point on that, your
6  Honor, is that the parties agreed to stay discovery while these
7  motions were pending.
8       MS. MARCOTTE: Right, that's correct.
9       THE COURT: That was your request originally. I think
02:50 10 your request was that we didn't even have this conference
11 necessarily.
12      There's a potential disqualification of Attorney
13 Steiner?
14      MS. MARCOTTE: There is, your Honor. I can address
15 that briefly if you'd like.
16      THE COURT: Yes.
17      MS. MARCOTTE: So Mr. Steiner we see as a likely
18 witness down the road. He may also be trial counsel. But we
19 do see a fair distance between where we are here today and that
02:51 20 issue. So while we did flag it, we think, you know, it's a
21 ways away from a potential disqualification issue. If Mr.
22 Steiner is a witness, and until we take his deposition down the
23 road, we don't know if that would potentially implicate a
24 disqualification of the firm. Like I said, we see that a fair
25 distance between here and that point in time when we may have

1    to file for a disqualification.

2         MS. METZINGER:  I would agree that any consideration

3    of that issue would be very premature.  The case law is pretty

4    clear that the relevant professional rule of conduct prevents

5    an attorney in some instances from being trial counsel if that

6    attorney is also a witness, but there's no prohibition on that

7    attorney participating in discovery or other pretrial

8    proceedings.

9         THE COURT:  That's my recollection of it.

02:52 10         MS. MARCOTTE:  I would agree with that.  I think it is

11   premature, but we did want to flag it.

12        THE COURT:  Okay.  So discovery is stayed at this

13   point until further order.

14        Have initial disclosures been completed or not yet?

15        MS. MARCOTTE:  Yes.

16        MS. METZINGER:  They have, your Honor.

17        THE COURT:  So I think I will address the motions once

18   they're filed.  We'll have a hearing at that point.  And then I

19   don't think we'll need a further scheduling conference.  If the

02:53 20   case proceeds, I will adopt this schedule.  It seems fine.

21        So just because I'll forget to say it at the motion

22   hearing, just so you know, my practice is, the one, as you've

23   already seen, with the protective order.  And as is raised

24   here, I'm happy for you to exchange whatever you want under a

25   protective order, but it's still an independent question as to

what gets filed in court or not.

        The second is that it is -- the Rules of Civil Procedure, as amended now a year and a half or two years ago, suggest that district judges require conferences before filing discovery motions.  I don't require them, but I do try to make myself available for them to see if there's something that can be -- if something needs to be resolved, if it can be resolved without filing a lot of paper.

        The one thing I will say in those conferences, so you can take this to heart and avoid that go-round, is that I don't think it's appropriate to hold things hostage that you concede should be turned over while you're resolving the things that you're fighting about.  So if, for example, there's a request for documents that covers ten years and you think that's overbroad and you agree that three years are appropriate, your response shouldn't say, Subject to our objection, we're turning over some documents, because that doesn't tell the other side what you're doing.  What it should say is, Subject to this objection, we have reviewed all of our records for responsive documents for the three-year period that we agree on or that we will provide and provide them, words to that effect, so the other side knows what you've done, and you can turn those things over.  Sometimes what that ends up meaning is that the fight over the -- what you're not turning over ends up not being that important because the heart of what is turned over

1   can resolve things.  Sometimes you still have to get to it, but
2   at least everything keeps moving.
3           MS. METZINGER:  Understood.
4           THE COURT:  Anything else to address at this time?
5           MS. METZINGER:  Not for defendant.
6           MS. MARCOTTE:  Neither for the plaintiff.
7           THE COURT:  Okay.  Thank you.
8           ALL:  Thank you.
9           THE CLERK:  Court is in recess.  All rise.
02:56 10   (Whereupon, at 2:55 p.m. the hearing concluded.)

1 <u>C E R T I F I C A T E</u>

2

3

4     I certify that the foregoing is a correct transcript

5 of the record of proceedings in the above-entitled matter to

6 the best of my skill and ability.

7

8

9

10

11

12 /s/Cheryl Dahlstrom

13 Cheryl Dahlstrom, RMR, CRR

14 Official Court Reporter

15

16 Dated:  November 6, 2018