# **EXHIBIT K**

**PARTNERS** HEALTHCARE | FOUNDED BY BRIGHAM AND WOMEN'S HOSPITAL AND MASSACHUSETTS GENERAL HOSPITAL

November 3, 2017

**BY FEDERAL EXPRESS OVERNIGHT
DELIVERY AND CERTIFIED MAIL**

Esoterix Genetic Laboratories, LLC
1700 West Park Drive, Suite 400
Westborough, Massachusetts 01581
Attn: SVP and General Manager

> RE: Notice of Dispute, Exclusive License Agreement, dated May 2, 2005, as amended on August 31, 2007, August 31, 2008 and October 26, 2010 (MGM Agreement No. 204A18200) ("License Agreement")

Dear Sir or Madam:

Pursuant to Sections 13.2 and 13.8 of the License Agreement, and pursuant to the related notice of assignment dated March 18, 2011, notice of dispute is hereby given to Esoterix Genetic Laboratories, LLC ("Esoterix") by The General Hospital Corporation ("MGH") and Dana-Farber Cancer Institute, Inc. ("DFCI").

Pursuant to Section 4 of the License Agreement, royalty payments are first due and payable to MGH and DFCI from Esoterix within 45 days of the end of each Reporting Period, which the Agreement defines as "each six-month period ending June 30 and December 31 of each calendar year" during the term of the License Agreement. The most recent Reporting Period ended on June 30, 2017, and, pursuant to the terms of the License Agreement, the royalty payment attributable to that Reporting Period first became due and payable to MGH and DFCI on August 15, 2017. In breach of the License Agreement, Esoterix made no such payment.

In September 2017, and presumably in connection with Section 5.3 of the License Agreement, a belated and non-compliant semi-annual report was sent by the finance group at the Laboratory Corporation of America ("LabCorp"), which we understand to be a corporate affiliate of Esoterix. In that report, which is enclosed with this notice, LabCorp asserted that "[b]ased on the settlement and release agreement between [MGH and DFCI] and [Esoterix] that was effective June 28, 2017, [Esoterix's] royalty obligation is for June 28-30th."

Although it did not explain why in the report, LabCorp appears to have taken the position that the Settlement Agreement and Release dated June 28, 2017 between MGH, DFCI, Esoterix and LabCorp ("Settlement Agreement") relieved Esoterix of its obligation to pay royalties attributable to January 1, 2017 to June 27, 2017. Without limiting our response to LabCorp's position, we note, as an initial matter, that the Settlement

Agreement, and the parties to that agreement, clearly contemplated that there would be an ongoing royalty stream under the License Agreement. In any event, no royalties for the most recent Reporting Period were due and payable before the effective date of the Settlement Agreement, June 27, 2017. Thus, the Settlement Agreement, by any construction, did not relieve Esoterix of its obligations to pay royalties for the most recent Reporting Period, which payment was not first due and payable until August 15, 2017.

Demand is hereby made that Esoterix immediately provide MGH and DFCI with a fully compliant and signed semi-annual report that discloses all of the information required by Section 5.3 of the License Agreement for the **entire** Reporting Period ending on June 30, 2017. Demand is further made that Esoterix immediately remit payment, plus interest as calculated pursuant to Section 4.8 of the License Agreement, for all royalties attributable to the **entire** Reporting Period ending June 30, 2017.

In addition, and pursuant to Section 5.4 of the License Agreement, MGH and DFCI hereby invoke their audit rights for the reporting period ending on June 30, 2017. No later than December 4, 2017, Esoterix shall make available for inspection by one or more auditors from Invotex IP, 850 South Bond Street, Baltimore, Maryland 21231 **all** records relating to royalty bearing occurrences attributable to the Reporting Period ending on June 30, 2017. Such inspection shall occur at a mutually agreeable location and time.

We are hopeful that this dispute can be resolved within the 30-day negotiation period contemplated by Section 13.8 of the License Agreement, and that the parties will be able to avoid both the meeting of senior executives required by Section 13.8 of the License Agreement and subsequent litigation.

We look forward to your prompt response.

Very truly yours,

Daniel Castro
Managing Director, Licensing

Encls.

cc: Laboratory Corporation
of America Holdings
531 S. Spring Street
Burlington, North Carolina 27215
Attn: Law Department

Notice of Dispute
Page 3 of 3

    F. Samuel Eberts III, Manager
    Esoterix Genetic Laboratories, LLC
    231 Maple Avenue
    Burlington, North Carolina 27215

    Laboratory Corporation
    Of America Holdings
    2626 Glenwood Avenue, Suite 550
    Raleigh, North Carolina 27608
    Attn: Law Department

    Laboratory Corporation
    Of America Holdings
    358 South Main Street
    Burlington, North Carolina 27215-5837
    Attn: Law Department