## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC., | C.A. NO: 1:18-cv-11360-IT |
| Plaintiffs, | |
| v. | |
| ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS, | |
| Defendants. | |

## DEFENDANTS' UNOPPOSED MOTION TO IMPOUND CONFIDENTIAL INFORMATION CONTAINED IN AND ATTACHED TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings (collectively, "Defendants") hereby move, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, to impound certain confidential and competitive business information contained in and attached to The General Hospital Corporation and Dana-Farber Cancer Institute, Inc.'s (collectively, "Plaintiffs") Second Amended Complaint. As grounds for their Motion, Defendants state:

1.      Pursuant to the Court's Order following the October 26, 2018 hearing, Plaintiffs filed redacted copies of a Second Amended Complaint with Exhibits A through K on November 9, 2018.

2.      On November 7, 2018, Plaintiffs provided the undersigned with a draft Second Amended Complaint and Exhibits A through K thereto.

3.     The Second Amended Complaint discusses and attaches, among other things, two confidential agreements between the parties: a May 2, 2005 Exclusive License Agreement (the "Master License Agreement"), and a June 27, 2017 Settlement Agreement and Release (the "MGH Settlement Agreement").

4.     The Second Amended Complaint and certain of its Exhibits also reference the terms of a June 27, 2017 confidential Settlement Agreement between Defendants and third-parties QIAGEN Manchester, Ltd. and QIAGEN, Inc. (collectively "QIAGEN") (the "QIAGEN Settlement Agreement").

5.     Section 13.5 of the Master License Agreement contains a confidentiality provision, which provides:

> The existence and terms of this AGREEMENT shall not be disclosed by any PARTY without prior written permission from the other PARTIES. Notwithstanding the foregoing, it is understood that it is the intention of the PARTIES to issue a press release upon execution of this AGREEMENT in accordance with Section 13.7, and after such press release becomes public, any PARTY may disclose the existence of the AGREEMENT and any information contained in such press release, without permission from the other PARTY.

6.     Section 7.4 of the MGH Settlement Agreement contains a confidentiality provision, which provides:

> The Parties agree to keep the terms of this Settlement, the terms of the QIAGEN Settlement, and any documents or other information delivered pursuant to the terms of this Settlement Agreement (collectively, "Information") confidential, except as otherwise may be required by law (including compliance with the requirements of the United States and foreign governmental authorities) or the rules of any United States or foreign stock exchanges.  If a Party is required by judicial or administrative process to disclose any Information, it shall, to the extent possible, promptly notify the other Party and allow the other Party a reasonable time to oppose such process or seek a protective order from a court of competent jurisdiction.

7.      The QIAGEN Settlement Agreement also contains a confidentiality provision that requires the parties to keep the terms of the settlement, and any documents or information exchanged pursuant to those terms, confidential.

8.      In light of the foregoing confidentiality provisions, and pursuant to the parties' discussion with the Court at the October 26 hearing, the parties have agreed to redact portions of the Exhibits which they agree are irrelevant to the parties' pending dispositive motions and unnecessary for the Court to view.

9.      The parties have also met and conferred, and come to an agreement on, the impoundment of the following confidential information contained in the Second Amended Complaint and its Exhibits: (a) the dollar amount that Defendants paid to Plaintiffs under the MGH Settlement Agreement, including offers of dollar amounts that were exchanged prior to the final agreement; (b) substantive terms of the QIAGEN Settlement Agreement; and (c) the dollar amounts that Defendants allegedly owe Plaintiffs under the Master License Agreement.

10.     These materials reflect sensitive and competitive business information, the disclosure of which could expose Defendants (and QIAGEN, to whom LabCorp owes a duty of confidentiality) to a substantial risk of irreparable injury.

11.     In addition, QIAGEN has not authorized the disclosure of the substantive terms of the QIAGEN Settlement Agreement at issue, and has requested that this information be maintained under seal.

12.     Accordingly, Defendants seek to impound the following materials:

(a)     the dollar amount that Defendants paid to Plaintiffs under the MGH Settlement Agreement, including offers of dollar amounts that were exchanged prior to the final

agreement, as reflected in Exhibits B, I, and J and paragraphs 21, 22, 24, 68, and 69 of the Second Amended Complaint;

(b)   information concerning the substantive terms of the QIAGEN Settlement Agreement, as reflected in Exhibit J and paragraphs 21, 22, 24, 68, and 69 of the Second Amended Complaint; and

(c)   the dollar amounts allegedly owed to Plaintiffs under the Master License Agreement, as reflected in paragraphs 28, 42, 49, 56, 65, 67, 69, 72, and 73 of the Second Amended Complaint.

13.   Contemporaneously with the filing of this Motion, Defendants are submitting hard copies of the Second Amended Complaint with corresponding Exhibits that: (1) redact information that, pursuant to the parties' agreement, has no relevance to the pending motions; and (2) highlight in yellow the information that Defendants are requesting, and Plaintiffs do not oppose, be filed under seal.

14.   Defendants request that any impoundment order remain in effect until further order of the Court.

15.   Defendants further request that, in the event the Court does not issue a decision on this motion prior to the November 16, 2018 deadline for filing amended briefs in connection with Defendants' motion to dismiss and Plaintiffs' cross-motion for summary judgment, this Motion be deemed to cover all information referenced in or attached to the briefings which falls into the categories described in paragraph 14 above.

WHEREFORE, Defendants respectfully request that this Court enter an order: (a) authorizing the impoundment of the materials referenced above; and (b) granting such other and further relief as the Court deems just and proper.

Dated: November 8, 2018   Respectfully submitted,
   Boston, MA


ESOTERIX GENETIC LABORATORIES, LLC and
LABORATORY CORPORATION OF AMERICA
HOLDINGS

By their Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

*/s/ Christopher R. Howe*
James M. Campbell (BBO # 541882)
jmcampbell@campbell-trial-lawyers.com
Christopher R. Howe (BBO #652445)
chowe@campbell-trial-lawyers.com
One Constitution Center, 3rd Floor
Boston, MA  02129
Tel: (617) 241-3041
Fax: (617) 241-5115

Robert I. Steiner (admitted *pro hac vice*)
rsteiner@kelleydrye.com
Jaclyn M. Metzinger (admitted *pro hac vice*)
jmetzinger@kelleydrye.com
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

## LOCAL RULES 7.1(a)(2) CERTIFICATION

I, Jaclyn M. Metzinger, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings (collectively, "Defendants"), hereby certify that, on November 5-9, 2018, pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts, I conferred with Carolyn A. Marcotte, counsel for plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute Inc. (collectively, "Plaintiffs"), regarding the issues raised in Defendants' Motion to Impound. Attorney Marcotte informed me that Plaintiffs have agreed not to oppose Defendants' Motion.

*/s/ Jaclyn M. Metzinger*
Jaclyn M. Metzinger (admitted *pro hac vice*)


## CERTIFICATE OF SERVICE

I, Christopher R. Howe, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings, hereby certify that on November 9, 2018, I electronically filed the foregoing Motion to Impound with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record. I also served a true copy of the above Motion to Impound by first class mail, postage pre-paid, on all parties of record.

*/s/ Christopher R. Howe*
Christopher R. Howe