UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) | C.A. No. 1:18-cv-11360-IT |
| v. | ) ) ) | |
| ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO IMPOUND CONFIDENTIAL INFORMATION CONTAINED IN AND ATTACHED TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

The plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute, Inc. respectfully submit this brief response to the Motion of the defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings to Impound Confidential Information Contained In and Attached to Plaintiffs' Second Amended Complaint.  (Dkt. No. 82.)  While the plaintiffs do not oppose the requested impoundment of the specific material referenced in the defendants' motion, the plaintiffs write to respond to the admissibility and relevance arguments made by the defendants.

First, the Court should properly consider the circumstances surrounding the making of the settlement agreement and reject the defendants' contention that evidence concerning the parties' intent is inadmissible.  It is "basic contract law . . . that the circumstances surrounding the making of an agreement must be examined to determine the objective intent of the parties."

*See Louis Stoico, Inc. v. Colonial Dev.*, 369 Mass. 898, 902 (1976); *see also Shea v. Bay State Gas Co.*, 383 Mass. 218, 222-23 (1981) ("Contract interpretation is largely an individualized process with the conclusion in a particular case turning on the particular language used against the background of other indicia of the parties' intention . . . [Thus, a contract is interpreted] with reference to the situation of the parties when they made it and to the objects sought to be accomplished."); *Lewis v. Chase*, 23 Mass. App. Ct. 673, 677 (1987) ("A contract should be construed to give it effect as a rational business instrument and in a manner which will carry out the intent of the parties.").

The defendants want the Court to ignore evidence concerning the circumstances surrounding the making of the agreement because they want to be able to argue in a vacuum that the release is broader than what the evidence clearly shows was objectively intended by the parties. But, the purpose of contract interpretation is for the Court to ascertain the objective intent of the parties, and ignoring this evidence serves to undermine that purpose. *See Louis Stoico*, 369 Mass. at 902 ("the circumstances surrounding the making of an agreement must be examined to determine the objective intent of the parties"); *Shea*, 383 Mass. at 222-23 (a contract is interpreted "with reference to the situation of the parties when they made it and to the objects sought to be accomplished"). Thus, the Court should properly consider the circumstances surrounding the making of the settlement agreement.

Second, evidence of the parties' intent is *always* admissible, and must *always* be considered by the Court, with respect to a claim, like the plaintiffs (Count V of the Second Amended Complaint), for reformation of contract. *See OneBeacon Am. Ins. Co. v. Travelers Indem. Co. of Ill.*, 465 F.3d 38, 41 (1st Cir. 2006) (In a reformation case, "the usual restrictions on contract interpretation, such as the parol evidence rule, do not apply to a court's inquiry into

the parties' intent," and "it does not matter that a contract unambiguously says one thing. A court still will accept extrinsic evidence in evaluating a claim that both parties to the contract intended it to say something else."); *see also Polaroid Corp. v. Travelers Indem. Co.*, 414 Mass. 747, 756 (1993) ("The parol evidence rule does not bar extrinsic proof of intent" in a reformation case.")

Third, contrary to the defendants' contention, Massachusetts and First Circuit case law allows, and even encourages, consideration of extrinsic evidence as to context and circumstances of the making of the agreement, to determine if the contract is ambiguous or not before applying the parol evidence rule for the finder of fact. *See Donoghue v. IBC USA (Publs.), Inc.*, 70 F.3d 206, 215 (1st Cir. 1995) ("[T]he court may consider parol and extrinsic evidence for the very purpose of deciding whether the documentary expression of the contract is ambiguous."); *Robert Indus. v. Spence*, 362 Mass. 751, 753 (1973) (A contract "is to be read in the light of the circumstances of its execution, which may enable the court to see that its words are really ambiguous."); *Cullinet Software, Inc. v. McCormack & Dodge Corp.*, 400 Mass. 775, 777 (1987) ("The judge quite properly heard evidence to aid in the construction of the agreement, even before he decided whether the agreement was ambiguous."); Arthur L. Corbin, Corbin on Contracts § 582 at 448-50 (1960), *quoted in*, E. Allan Farnsworth, Contracts § 7.3 at 474 (2d ed. 1990) (The writing cannot "prove its own completeness and accuracy . . . . The evidence that the [parol evidence] rule seems to exclude must sometimes be heard and weighed before it can be excluded by the rule.").

In this case, to understand why, as the plaintiffs contend, the release ***unambiguously*** does ***not*** apply to the disputed royalty payment despite the defendants' contrary interpretation, the

3

Court can and should consider the available evidence as to the parties' objective intent in agreeing to the release in the first place.  *See id.*

Finally, the Court should reject the defendants' argument that evidence concerning the settlement negotiations is inadmissible under Federal Rule of Evidence 408 ("Rule 408").

Rule 408 does not apply where, as is the case with Exhibit I, the communication at issue relates to a different dispute concerning a different claim and involving an altogether different transaction.  *See*, *e.g.*, *Morlot Carpentry, Inc. v. Phillips*, No. 85-0097-WF, 1993 U.S. Dist. LEXIS 5108, *25 (D. Mass. Mar. 26, 1993) *citing B & B Investment Club v. Kleiner's Inc.*, 472 F. Supp. 787, 791 (E.D. Pa. 1979) ("Rule 408 excludes evidence of a compromise only on the issue of the amount or validity of a claim which is the subject of the compromise").  The plaintiffs' claim is for breach of the license agreement, not breach of the settlement agreement, which settled the dispute discussed in Exhibit I.

Moreover, Rule 408 does not prevent using a communication to prove, for example, the intent of the parties or to interpret the meaning or scope of a term in a contract such as a release. *See*, *e.g.*, *Catullo v. Metzner*, 834 F.2d 1075, 1078-79 (1st Cir. 1985) (admitting evidence of terms of settlement agreement in action to enforce the agreement); *Coakley & Williams v. Structural Concrete Equip.*, 973 F.2d 349 (4th Cir. 1992) (evidence of settlement is not precluded by Rule 408 where offered to prove a party's intent with respect to the scope of a release).  Indeed, as explained in the Committee Notes on Rules—2006 Amendment, which expressly cites the *Coakley* case, the language of the rule bars compromise evidence ***only*** when offered as evidence of the validity, invalidity or amount of the disputed claim.  The intent of the amendment, as explained in the Committee Notes, was to retain the extensive case law finding Rule 408 inapplicable when the evidence is offered, as it is here, to prove the parties' contractual

intent rather than to prove the validity, invalidity or amount of a disputed claim.  *See* Federal Rule of Evidence 408, Committee Notes on Rules—2006 Amendment.

                            Respectfully submitted,

                            THE GENERAL HOSPITAL
                            CORPORATION AND DANA-FARBER
                            CANCER INSTITUTE, INC.
                            By their attorneys,

                            */s/ Carolyn A. Marcotte*
                            Douglas J. Nash (BBO# 633050)
                            Carolyn A. Marcotte (BBO# 663616)
                            Barclay Damon LLP
                            One Financial Center, Suite 1701
                            Boston, MA 02111
                            (617) 274-2900
                            dnash@barclaydamon.com
                            cmarcotte@barclaydamon.com

Dated: November 13, 2018

## CERTIFICATE OF SERVICE

     I, Carolyn A. Marcotte, counsel for the plaintiffs in the above-captioned matter, certify that on November 13, 2018, the plaintiffs' Response filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to the non-registered participants.

                            */s/ Carolyn A. Marcotte*
                            Carolyn A. Marcotte