UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC., ) ) ) ) | C.A. NO. 1:18-cv-11360-IT |
| Plaintiffs, ) ) | |
| v. ) ) | |
| ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS, ) ) ) ) | |
| Defendants. ) ) | |

**DEFENDANTS' COUNTERSTATEMENT OF UNDISPUTED FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of this Court, Defendants Esoterix Genetic Laboratories, LLC ("EGL") and Laboratory Corporation of America Holdings ("LabCorp") (collectively "Defendants"), by their undersigned counsel, hereby respond to Plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute, Inc.'s (collectively, "Plaintiffs") Statement of Undisputed Facts (ECF No. 96) as follows:

1.     Admitted that Plaintiffs own or control by virtue of assignment a number of patents (the "Patents") directed to detecting the presence of the epidermal growth factor receptor ("EGFR") mutation which, when present, is predictive of the efficacy of certain chemotherapeutic treatments for lung cancer, but denied that all such Patents are "owned" by Plaintiffs.  (*See* Marcotte Aff. Ex. A, at 1, §§ 1.24, 1.9.)[1]  The Master License Agreement specifically states that "[The General Hospital Corporation] and [the Dana-Farber Cancer

---

[1] "Marcotte Aff." refers to the Affidavit of Carolyn A. Marcotte in Support of Plaintiffs' Motion for Partial Summary Judgment (ECF No. 97).

institute, Inc.], each a center for patient care, research and education, own *or control*, respectively, by virtue of assignment, certain PATENT RIGHTS . . . and TECHNOLOGICAL INFORMATION . . ."  (Marcotte Aff. Ex. A at 1 (emphasis added), §§ 1.24, 1.32.)

2. Admitted that (i) Plaintiffs licensed the Patents to Genzyme Corporation ("Genzyme") in 2005 pursuant to the Master License Agreement, (ii) that in 2010 LabCorp purchased most of Genzyme's genetic testing business, including its rights under the Master License Agreement; and (iii) that LabCorp created EGL to manage the assets purchased from Genzyme.  While Plaintiffs refer to Marcotte Aff. Ex. B (the Settlement Agreement) to support their claims (i) that EGL's management of the assets purchased from Genzyme was "for the benefit of LabCorp," and (ii) that EGL's status as licensee under the Master License Agreement is "nominal," this document does not provide any factual support for these claims and therefore they are denied.

3. Admitted, except Defendants respectfully refer the Court to the cited materials for their true and complete contents, including Sections 4.5(a) and 4.5(b) of the Master License Agreement, which provide, in relevant part, that:

   (a) Beginning with the first COMMERCIAL SALE of a PROCESS in any country in the LICENSE TERRITORY, and continuing during the term of the AGREEMENT, COMPANY shall pay HOSPITAL a royalty equal to the product of (i) the royalty rate determined in accordance with the following sentence, and (ii) the CONTRACT NET SALES of PROCESSES sold by COMPANY or its AFFILIATES during for REPORTING PERIOD, where "CONTRACT NET SALES" is the product of (x) the AVERAGE REIMBURSEMENT from the prior REPORTING PERIOD, and (y) the number of PROCESSES invoiced to THIRD PARTIES during the current REPORTING PERIOD . . . .

   (b) Beginning with the first COMMERCIAL SALE of a PRODUCT in any country in the LICENSED

2

> TERRITORY, and continuing during the term of the AGREEMENT, COMPANY shall pay HOSPITAL a royalty equal to [XX] percent ([XX]%) of the net sales of all PRODUCTS sold by COMPANY or its AFFILIATES.

(Marcotte Aff. Ex. A, §§ 4.5(a), 4.5(b).)

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Denied that one sublicense was granted in two different agreements to DxS, Ltd, but otherwise admitted.  (*See* Marcotte Aff. Ex. B at 1.) EGL granted two separate sublicense agreements to DxS, Ltd., whose rights were later assumed by QIAGEN Manchester Ltd.  (*See id.*)

8.      Denied that QIAGEN Manchester Ltd. was the only named defendant in the action commenced by EGL in 2014 in the United States District Court for the District of Massachusetts, Case No. 14-cv-13228 (the "QIAGEN Litigation") (*see* Marcotte Aff. Ex. B at 1), but otherwise admitted.

9.      Admitted.

10.      Denied that QIAGEN agreed to pay Defendants solely in exchange for ███████ ████████████[2], as such payment was also made in exchange for Defendants' agreement to settle the damages claims asserted in the QIAGEN Litigation (*see* Marcotte Aff. Ex. B, Ex. B), but otherwise admitted.

11.      Denied that the amendment to the 2008 sublicense agreement between EGL and QIAGEN Manchester was the only term of the "QIAGEN Settlement" or that the payment

---

[2] Information has been redacted from this document pursuant to the Court's November 16, 2018 Order (ECF No. 91) granting Defendants' Motion to Impound (ECF No. 82).  Defendants will submit an unredacted version under seal.

contemplated by the QIAGEN Settlement constituted the ███████████████████

████ (*see* Marcotte Aff. Ex. B, Ex. B), but otherwise admitted.

12.     Denied that this term is found at Marcotte Aff., Ex. B at p. 2 (*see* Marcotte Aff.

Ex. B, Ex. B § 4.1), but otherwise admitted.

13.     Denied that Plaintiffs were required, by the Master License Agreement or

otherwise, to provide written consent to the QIAGEN Settlement (*see* Marcotte Aff. Ex. A §§

7.1-7.6), but admitted that Plaintiffs provided such consent.  (*See* Marcotte Aff. Ex. B, § 2.1.)

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Denied.  The release contained in Section 3.1 of the Settlement Agreement applies

not only to "claims" that may have arisen before June 27, 2017, but also to "any and all

liabilities, losses, damages, charges, complaints, . . .   counterclaims, obligations, promises,

agreements, controversies, actions, causes of action, suits, rights, demands, costs, debts and

expenses (including attorneys' fees and court costs) of any nature whatsoever, known or

unknown, suspected or unsuspected that may have arisen before" that date, arising from, among

other things, "the Master License Agreement, including but not limited to the . . . payment of any

past royalties or other fees pursuant to the Master License Agreement . . . ."  (Marcotte Aff. Ex.

B, § 3.1.)

18.     Denied that any royalty payment was due to Plaintiffs on August 15, 2017

because any royalties based on EGFR tests conducted between January 1, 2017 and June 30,

2017 were either released in the Settlement Agreement or credited against the annual license fee

paid pursuant to Section 4.3 of the Master License Agreement.  (*See* Marcotte Aff. Ex. A, § 4.3;

Marcotte Aff. Ex. B, § 3.1; Marcotte Aff. Ex. C.)

19.    Denied that any royalty payment was due to Plaintiffs on August 15, 2017 because any royalties based on EGFR tests conducted between January 1, 2017 and June 30, 2017 were either released in the Settlement Agreement or credited against the annual license fee paid pursuant to Section 4.3 of the Master License Agreement.  (*See* Marcotte Aff. Ex. A, § 4.3; Marcotte Aff. Ex. B, § 3.1; Marcotte Aff. Ex. C.)

20.    Plaintiffs' reference to Marcotte Aff. Ex. E, a November 3, 2017 "Notice of Dispute" sent from Plaintiffs to Defendants, does not support Plaintiffs' claim that "[t]he plaintiffs were ready, willing, and able to perform under the License Agreement[]" and therefore this claim is denied.

Dated: November 16, 2018
        Boston, MA

Respectfully submitted,

ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS

By their attorneys,

CAMPBELL EDWARDS & CONROY, P.C.

*/s/ Christopher R. Howe*
James M. Campbell (BBO # 541882)
jmcampbell@campbell-trial-lawyers.com
Christopher R. Howe (BBO #652445)
chowe@campbell-trial-lawyers.com
One Constitution Center, 3rd Floor
Boston, MA  02129
Tel: (617) 241-3041
Fax: (617) 241-5115

KELLEY DRYE & WARREN LLP
Robert I. Steiner (admitted *pro hac vice*)
rsteiner@kelleydrye.com
Jaclyn M. Metzinger (admitted *pro hac vice*)
jmetzinger@kelleydrye.com
101 Park Avenue
New York, NY 10178

Tel: (212) 808-7800
Fax: (212) 808-7897

## CERTIFICATE OF SERVICE

I, Christopher R. Howe, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings, hereby certify that on November 16, 2018, I electronically filed the foregoing Counterstatement of Material Facts in Opposition to Plaintiffs' Motion for Partial Summary Judgment with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record. I also served a true copy of the above Memorandum by first class mail, postage pre-paid, on all parties of record.

*/s/ Christopher R. Howe*
Christopher R. Howe