UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC.,<br><br>   Plaintiffs,<br><br>  v.<br><br>ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>   Defendants. | C.A. NO: 1:18-cv-11360-IT |

**DEFENDANTS' UNOPPOSED MOTION TO IMPOUND PORTIONS OF SECTIONS 4.5 AND 4.6 OF THE MASTER LICENSE AGREEMENT, ATTACHED AS EXHIBIT H TO THE SECOND AMENDED COMPLAINT, AND SUPPLEMENTAL SUBMISSION IN RESPONSE TO ORAL ARGUMENT HELD JANUARY 23, 2019**

Defendants Esoterix Genetic Laboratories, LLC ("Esoterix") and Laboratory Corporation of America Holdings ("LabCorp") (collectively, "Defendants") hereby move, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, to impound portions of Sections 4.5 and 4.6 of the Master License Agreement, which Plaintiffs previously filed as Exhibit H to their Second Amended Complaint. Defendants also respectfully submit a brief description of impounded material for the Court's consideration in connection with Defendants' pending motion to dismiss and Plaintiffs' pending cross-motion for summary judgment.

**UNOPPOSED MOTION TO IMPOUND**

As grounds for their motion, Defendants state:

  1.  On November 9, 2018, Plaintiffs The General Hospital Corporation ("MGH") and Dana-Farber Cancer Institute, Inc. ("DFCI") (collectively, "Plaintiffs") filed their

Second Amended Complaint against Defendants, along with Exhibits A through K thereto. (ECF No. 81.)

2. Exhibit H to the Second Amended Complaint contains a redacted version of an Exclusive License Agreement between Plaintiffs and EGL, dated May 2, 2005 (the "Master License Agreement"). (ECF No. 81-8.)

3. Among the provisions redacted from the Master License Agreement is Section 4.5, entitled "Royalties," and 4.6, entitled "Sublicensing Fees and other Non-Royalty Income."

4. Section 13.5 of the Master License Agreement contains a confidentiality provision, which provides that:

> The existence and terms of this AGREEMENT shall not be disclosed by any PARTY without prior written permission from the other PARTIES. Notwithstanding the foregoing, it is understood that it is the intention of the PARTIES to issue a press release upon execution of this AGREEMENT in accordance with Section 13.7, and after such press release becomes public, any PARTY may disclose the existence of the AGREEMENT and any information contained in such press release, without permission from the other PARTY.

5. On November 15, 2018, Defendants moved to dismiss the Second Amended Complaint. (ECF Nos. 88-90.)

6. On November 16, 2018, Plaintiffs opposed Defendants' motion to dismiss and cross-moved for partial summary judgment. (ECF Nos. 94-97.)

7. On January 23, 2019, the Court heard oral arguments on both motions.

8. At the January 23, 2019 hearing, the Court allowed the parties to submit additional portions of the Master License Agreement to assist the Court in deciding the motions, and directed the parties to file such language under seal if necessary.

9. To this end, Defendants would like to submit an updated version of the Master License Agreement, containing unredacted versions of Sections 4.5 and 4.6, and seek to impound Sections 4.5 and 4.6 pursuant to the Master License Agreement's confidentiality provision.

10. Defendants request that any impoundment order remain in effect until further order of the Court.

WHEREFORE, Defendants respectfully request that this Court enter an order: (a) authorizing the impoundment of the Master License Agreement until further order of the Court; and (b) granting such other and further relief as the Court deems just and proper.

## SUPPLEMENTAL SUBMISSION

Defendants submit the material subject to the within motion to impound to clarify certain issues discussed during oral argument on January 23, 2019. The undersigned counsel represented during the argument that there may be subsequent amendments to the governing license agreement concerning the calculation of royalties. There are no subsequent amendments. The information counsel was referring to is contained in the first amendment to the license agreement, which is in the record but has been fully redacted (rather than filed under seal) such that the Court does not have access to it. Counsel believes that the previously-redacted percentages and amounts set forth in Sections 4.5 and 4.6 of the agreement, as amended, puts those provisions in context and will allow the parties to more accurately discuss these provisions during the continued oral argument on January 30, 2019.

Dated: January 29, 2019
      Boston, MA

Respectfully submitted,

ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS

By their Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

*/s/ Christopher R. Howe*
James M. Campbell (BBO # 541882)
jmcampbell@campbell-trial-lawyers.com
Christopher R. Howe (BBO #652445)
chowe@campbell-trial-lawyers.com
One Constitution Center, 3rd Floor
Boston, MA  02129
Tel: (617) 241-3041
Fax: (617) 241-5115

Robert I. Steiner (admitted *pro hac vice*)
rsteiner@kelleydrye.com
Jaclyn M. Metzinger (admitted *pro hac vice*)
jmetzinger@kelleydrye.com
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

## **LOCAL RULES 7.1(a)(2) CERTIFICATION**

     I, Christopher R. Howe, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings (collectively, "Defendants"), hereby certify that, on January 29, 2019, pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts, I conferred with Carolyn A. Marcotte, counsel for plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute Inc. (collectively, "Plaintiffs"), regarding the issues raised in Defendants' Motion, and Attorney Marcotte informed me that Plaintiffs assent to Defendants' Motion.

                                                                       */s/ Christopher R. Howe*
                                                                         Christopher R. Howe

## CERTIFICATE OF SERVICE

      I, Christopher R. Howe, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings, hereby certify that on January 29, 2019, I electronically filed the foregoing Motion to Impound the Memorandum of Law in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.  I also served a true copy of the above Motion to Impound by first class mail, postage pre-paid, on all parties of record.

      */s/ Christopher R. Howe*
      Christopher R. Howe