UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>Defendants. | C.A. NO: 1:18-cv-11360-IT |

**DEFENDANTS' UNOPPOSED MOTION TO IMPOUND PORTIONS OF THE OFFICIAL TRANSCRIPT OF THE JANUARY 30, 2019 HEARING ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Esoterix Genetic Laboratories, LLC ("Esoterix") and Laboratory Corporation of America Holdings ("LabCorp") (collectively, "Defendants") hereby move, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, to impound portions of the official transcript of the January 30, 2019 hearing before The Honorable Indira Talwani on Defendants' motion to dismiss and Plaintiffs' cross-motion for partial summary judgment (the "Transcript"). As grounds for their motion, Defendants state:

1.	On November 9, 2018, Plaintiffs The General Hospital Corporation ("MGH") and Dana-Farber Cancer Institute, Inc. ("DFCI") (collectively, "Plaintiffs") filed their Second Amended Complaint against Defendants, along with Exhibits A through K thereto. (ECF No. 81.)

2. Exhibit H to the Second Amended Complaint contains a redacted version of an Exclusive License Agreement between Plaintiffs and EGL, dated May 2, 2005 (the "Master License Agreement"). (ECF No. 81-8.)

3. Exhibit J to the Settlement Agreement contains a redacted version of a Settlement Agreement and Release between Plaintiffs and Defendants, dated June 27, 2017 (the "Settlement Agreement"). (ECF No. 81-10.)

4. The Second Amended Complaint and certain of its Exhibits also reference the terms of a June 27, 2017 confidential Settlement Agreement between Defendants and third-parties QIAGEN Manchester, Ltd. and QIAGEN, Inc. (collectively "QIAGEN") (the "QIAGEN Settlement Agreement").

5. Section 13.5 of the Master License Agreement contains a confidentiality provision, which provides:

> The existence and terms of this AGREEMENT shall not be disclosed by any PARTY without prior written permission from the other PARTIES. Notwithstanding the foregoing, it is understood that it is the intention of the PARTIES to issue a press release upon execution of this AGREEMENT in accordance with Section 13.7, and after such press release becomes public, any PARTY may disclose the existence of the AGREEMENT and any information contained in such press release, without permission from the other PARTY.

6. Section 7.4 of the Settlement Agreement contains a confidentiality provision, which provides:

> Section 7.4 of the Settlement Agreement contains a confidentiality provision, which provide The Parties agree to keep the terms of this Settlement, the terms of the QIAGEN Settlement, and any documents or other information delivered pursuant to the terms of this Settlement Agreement (collectively, "Information") confidential, except as otherwise may be required by law (including compliance with the requirements of the United States and foreign governmental authorities) or the rules of any United

       States or foreign stock exchanges.  If a Party is required by judicial or administrative process to disclose any Information, it shall, to the extent possible, promptly notify the other Party and allow the other Party a reasonable time to oppose such process or seek a protective order from a court of competent jurisdiction.

7. The QIAGEN Settlement Agreement also contains a confidentiality provision that requires the parties to keep the terms of the settlement, and any documents or information exchanged pursuant to those terms, confidential.

8. On November 15, 2018, Defendants moved to dismiss the Second Amended Complaint.  (ECF Nos. 88-90.)

9. On November 16, 2018, Plaintiffs opposed Defendants' motion to dismiss and cross-moved for partial summary judgment.   (ECF Nos. 94-97.)

10. Also on November 16, 2018, the Court granted Defendants' motion to file the above-referenced confidential information under seal.  (ECF No. 91.)

11. On January 29, 2019, Defendants filed a motion to impound additional confidential provisions of the Master License Agreement.  (ECF No. 120.)  The Court granted this motion.  (ECF No. 122.)

12. On January 30, 2019, the Court heard oral arguments on Defendants' motion to dismiss and Plaintiffs' cross-motion for partial summary judgment.

13. At the January 30, 2019 hearing, the parties' counsel discussed certain confidential terms of the Master License Agreement, Settlement Agreement, and QIAGEN Settlement Agreement which the Court has previously permitted to be filed under seal.

14. Accordingly, Defendants seek to impound those portions of the Transcript that reflect the disclosure of such confidential information.

15. Defendants request that any impoundment order remain in effect until further order of the Court.

WHEREFORE, Defendants respectfully request that this Court enter an order: (a) authorizing the impoundment of portions of the Transcript until further order of the Court; and (b) granting such other and further relief as the Court deems just and proper.

Dated: February 8, 2019
      Boston, MA

Respectfully submitted,

ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS

By their Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

*/s/ Christopher R. Howe*
James M. Campbell (BBO # 541882)
jmcampbell@campbell-trial-lawyers.com
Christopher R. Howe (BBO #652445)
chowe@campbell-trial-lawyers.com
One Constitution Center, 3rd Floor
Boston, MA 02129
Tel: (617) 241-3041
Fax: (617) 241-5115

Robert I. Steiner (admitted *pro hac vice*)
rsteiner@kelleydrye.com
Jaclyn M. Metzinger (admitted *pro hac vice*)
jmetzinger@kelleydrye.com
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

## LOCAL RULES 7.1(a)(2) CERTIFICATION

I, Christopher R. Howe, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings (collectively, "Defendants"), hereby certify that, on February 8, 2019, pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts, I conferred with Carolyn A. Marcotte, counsel for plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute Inc. (collectively, "Plaintiffs"), regarding the issues raised in Defendants' Motion, and Attorney Marcotte informed me that Plaintiffs assent to Defendants' Motion.

/s/ Jaclyn M. Metzinger
Jaclyn M. Metzinger

## CERTIFICATE OF SERVICE

I, Christopher R. Howe, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings, hereby certify that on February 8, 2019, I electronically filed the foregoing Motion to Impound Portions of the Official Transcript of the January 30, 2019 Hearing on Defendants' Motion to Dismiss and Plaintiffs' Cross-Motion for Partial Summary Judgment with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record. I also served a true copy of the above Motion to Impound by first class mail, postage pre-paid, on all parties of record.

/s/ Christopher R. Howe
Christopher R. Howe