UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS, <br><br> Defendants. | C.A. No. 1:18-cv-11360-IT |

**[PROPOSED] STIPULATED AMENDED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties wish to limit disclosure of information and documents provided in discovery in this action that constitute or contain confidential or proprietary information of the parties. Therefore, the parties stipulate and agree that:

1. Any party in this action or any third party from whom discovery is sought shall have the right to designate confidential or proprietary material (including, but not limited to, exhibits, documents and things produced by any party or witness, answers to interrogatories, responses to requests for admissions, responses to requests for production, affidavits, and deposition testimony or transcripts) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2. For the purposes of this Stipulated Amended Protective Order, CONFIDENTIAL material shall include only documents and other information that is confidential and proprietary

to the Producing Party or which the Producing Party in good faith believes is confidential and proprietary to some other person, and/or that is not otherwise in the public domain and the Producing Party does not want the information made public, including without limitation trade secrets, confidential or proprietary business information, and other competitively sensitive business information. As used herein, information designated "CONFIDENTIAL" shall be referred to as "Confidential Information."  The designation of material as Confidential Information shall not be deemed an admission by either party that such material is relevant or admissible in this action.

3. The designation of material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party constitutes its reasonable, good faith representation that the material disclosed is so sensitive and confidential that the disclosure to the other party, whether separately or in conjunction with other information being disclosed, would create a substantial risk of serious economic harm or business injury that could not be avoided by less restrictive means.  As used herein, information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be referred to as "Confidential AEO Information."  The designation of material as Confidential AEO Information shall not be deemed an admission by either party that such material is relevant or admissible in this action.

4. Any document produced by a Producing Party to be designated under this Stipulated Amended Protective Order as confidential shall be identified by the Producing Party by stamping or otherwise clearly marking the same "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" along the bottom margin of the document, together with a production number designation identifying the Producing Party. In lieu of so marking the originals of any document or thing produced for inspection, a Producing Party may

designate, in writing at or prior to the time of production, that such documents and things being inspected are confidential, and only mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the copies that are produced or exchanged for use.

5. A Producing Party may designate all or part of a deposition as containing Confidential Information or Confidential AEO Information by so indicating on the record during such deposition, in which case the court reporter shall be directed to separately bind (or otherwise segregate or identify) the confidential portion of the transcript and to clearly mark the front of the separately bound volume (or designated confidential portion of the transcript) with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Alternatively, a Producing Party may designate information disclosed at such deposition as Confidential Information or Confidential AEO Information by giving all other parties a written statement, within thirty (30) days of the party's receipt of the transcript, identifying the specific pages and lines of the transcript which contained Confidential Information or Confidential AEO Information. All deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of the aforementioned 30-day period.

6. Materials marked "CONFIDENTIAL" shall be used only for the purpose of prosecuting or defending this litigation and shall be available only to: (i) the parties (but only for the limited purpose of prosecuting or defending this litigation); (ii) the attorneys (including all attorneys and paralegals at the same law firm) to the parties who have entered an appearance in this action, including their employees; (iii) court personnel, court reporters, printers, and other service providers to counsel who are advised of the confidential nature of the information; (iv) witnesses at trial, evidentiary hearings, and at depositions, provided they are informed of the

confidential nature of the information; and (v) experts and their staff with whom counsel may deem it necessary to consult for the preparation for trial of this action, and who are retained solely for the purpose of assisting in the prosecution or defense of this action ("Experts").  Prior to the receipt of any Confidential Information by any Expert or other third party, such Expert or third party must read a copy of this Stipulated Amended Protective Order and sign an undertaking in the form attached hereto. Counsel of record shall maintain in their possession all such executed undertakings until final disposition of the litigation.

       7.      Materials marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used only for the purpose of prosecuting or defending this litigation and shall be available only to: (i) outside counsel (including all attorneys and paralegals at the same law firm) to the parties who have entered an appearance in this action, including their employees;; (ii) in-house attorneys for each party who are responsible for this action; (iii) court personnel, court reporters, printers, and other service providers to counsel who are advised of the confidential nature of the information; and (iv) Experts, provided such information is necessary for purposes of assisting in the prosecution or defense of this action.  Prior to the receipt of any Confidential AEO Information by any Expert or other third party, such Expert or third party must read a copy of this Stipulated Amended Protective Order and sign an undertaking in the form attached hereto. Counsel of record shall maintain in their possession all such executed undertakings until final disposition of the litigation.

       8.      All information received by persons identified in Paragraphs 6 and 7 of this Stipulated Amended Protective Order ("Receiving Party") pursuant to pretrial discovery in this action, which is designated by the Producing Party as containing Confidential Information or

Confidential AEO Information, shall be retained in secrecy, shall not be disclosed to any other person, and shall be used only for the purposes of this litigation, and for no other purposes.

9. The Receiving Party shall maintain all Confidential Information and Confidential AEO Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information and Confidential AEO Information.

10. The inadvertent failure to designate Confidential Information and Confidential AEO Information properly (or at all) in accordance with this Stipulated Amended Protective Order prior to or at the time of disclosure shall not operate as a waiver of a party's right to thereafter designate such information as confidential upon discovery. A Producing Party may change a designation to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or withdraw a CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation, regarding any material that it has produced, by notifying counsel for the Receiving Party in writing. Upon receipt of such notice, the Receiving Party shall: (i) not make any further disclosure or communication of such newly designated material except as provided for in this Stipulated Amended Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any material with the original designation (or lack of designation) and alert those persons of the effect of such a change in designation under this Stipulated Amended Protective Order; (iii) for material newly designated as Confidential Information or Confidential AEO Information, promptly retrieve or have destroyed all copies and transcriptions of any such material that lacks the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation from any persons known to have possession of such material who are not specified in Paragraphs 6 and 7, provided that any Experts or third parties that retain such material review

this Stipulated Amended Protective Order and sign an undertaking in the form attached hereto. The Producing Party shall promptly provide properly marked materials reflecting the new designation.

11. A Receiving Party shall not be obligated to challenge the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation at the time the material is produced, and a failure to do so shall not preclude a subsequent challenge thereto. If a Receiving Party disagrees at any time with a CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation made by another party or third party, the following procedure shall be used:

(a) The party seeking to change the designation of another party's materials shall provide the Producing Party written notice specifying the material for which a change in designation is sought, and the reasons for the request. The Producing Party shall have seven (7) calendar days after receipt of the written notice within which to object in writing to the change in designation and to specify why protection under this Stipulated Amended Protective Order is appropriate.

(b) If the Producing Party objects in writing within seven (7) calendar days of receiving such a written notice, both parties shall meet and confer in an attempt to resolve the dispute without involvement of the Court.

(c) If the parties and/or third parties cannot reach agreement concerning the change in designation, the objecting party shall seek an order to remove the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation via the Court's discovery dispute procedures.

(d) The parties shall continue to treat the material at issue as Confidential Information or Confidential AEO Information, according to the original designation, until the dispute is resolved by Protective Order of this Court or by agreement of the parties and/or third parties.

(e) On any motions arising out of the designation of any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Stipulated Amended Protective Order, the burden of justifying the designation shall lie with the Producing Party.

12. If Confidential Information or Confidential AEO Information is used inadvertently during the course of the action (including at depositions) inconsistent with or in contravention of other provisions of this Stipulated Amended Protective Order, the information shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality after such inadvertent use. If Confidential Information or Confidential AEO Information is inadvertently disclosed to a deposition witness, and the witness has testified that he or she has knowledge concerning that information, the witness may be examined and cross-examined with respect to the document or information disclosed for the remainder of the deposition.

13. If Confidential Information or Confidential AEO Information is disclosed to any person other than in the manner authorized by this Stipulated Amended Protective Order, the party responsible for the disclosure shall, within five (5) calendar days of learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure. As soon as possible thereafter, the parties shall use reasonable efforts to obtain the prompt return of any such Confidential Information or Confidential AEO Information, and obtain a signed undertaking in the form attached hereto from each unauthorized person or party who received

Confidential Information or Confidential AEO Information. The requirements set forth in this Paragraph shall not prevent the Producing Party from requesting that the party responsible for the inadvertent disclosure take additional remedial steps and/or applying to the Court for additional relief.

14. If electronically stored information ("ESI") is inadvertently produced as the result of an error in the ESI production process, including but not limited to predictive coding errors, optical character recognition ("OCR") errors, or errors in the application of search terms in ESI databases, such production shall not constitute a waiver (subject matter or otherwise) of any claim of privilege, work product immunity, or other ground for withholding production to which the Producing Party, third party, or other person otherwise would be entitled. The protections afforded inadvertent production herein shall be at least those provided in Fed. R. Civ. P. 26(b)(5)(B) and/or Fed. R. Evid. 502.

15. If a written claim of inadvertent production of ESI is made by a Producing Party to a Receiving Party, the Receiving Party shall:

(a) immediately upon receipt of the claim not make any further copies, reproductions, or transcriptions of the inadvertently disclosed ESI; if the inadvertent disclosure is discovered during a deposition, the claim for inadvertent production may be made orally, and upon such oral claim all copies of the requested ESI physically at the deposition must be immediately returned at the deposition; and

(b) within five (5) days of receipt of the claim described in Paragraph 15, destroy or return to the Producing Party every original and every copy, reproduction, or transcription of all such inadvertently produced ESI possessed by the Receiving Party and by those persons to whom the Receiving Party may have disclosed such information.

16. Recognizing the need for the parties to prepare for their cases based on the discovery that is produced, if any ESI is used openly in the case, e.g., at a court hearing, in a deposition, as an exhibit to a motion, or in an expert report or pretrial order, any claim of inadvertent production of such ESI must be made within two (2) weeks after such use.

17. Nothing herein shall prevent the Receiving Party from challenging the propriety of any claim of inadvertent production of ESI. The Receiving Party must preserve the confidentiality of the material until the claim is resolved.

18. Any subpoena or other notice to a third party requesting production of documents shall include a copy of this Stipulated Amended Protective Order. If a third party produces documents pursuant to a subpoena or other request issued by one of the parties (or by Court order) and if the third party has not requested its documents be treated as Confidential Information or Confidential AEO Information, then it shall be presumed that such documents do not contain Confidential Information or Confidential AEO Information. The third party's materials shall be handled by all parties to this action in the manner set forth in this Stipulated Amended Protective Order. The party issuing the subpoena or other request for documents or things to the third party shall provide any non-requesting party an opportunity to review and make copies of any documents produced in response to that subpoena or request.

19. A party to this action may temporarily withhold production of otherwise discoverable information sought in a discovery request (e.g., interrogatory, request for production, request for admission) if the party is under an obligation to a third party not to disclose such information (e.g., by prior agreement of confidentiality). In such an event (except for information subject to another protective order or confidentiality order by another court), the Producing Party shall:

(a) timely serve a written objection to the production of the requested information on the basis of its obligation to a third party not to disclose such information;

(b) promptly provide to the third party whose confidentiality interests are implicated (i) notice of the pending request to disclose the information, and (ii) a copy of this protective order; and if the third party does not agree to disclosure of its information, then the party requesting the documents or things from the third party may (i) serve a subpoena on the third party, if the Requesting Party has not already done so, or (ii) file a motion to compel.

20. Any party to the action that receives a subpoena or other request from a third party that seeks the disclosure/production of Confidential Information or Confidential AEO Information already disclosed in the action that the party did not itself produce shall give prompt telephonic and written notice to that original Producing Party of such subpoena or other request, but in no event more than seven (7) calendar days after actual receipt of the subpoena or other request. If the original Producing Party opposes disclosure of its documents called for by the subpoena or other request, then the party served with the subpoena shall not disclose the pertinent information until a court has resolved the issue. Absent a court order, production or disclosure of another party's Confidential Information or Confidential AEO Information shall not be made until the original Producing Party has agreed to such production to a third party. The original Producing Party shall bear the burden to oppose, if it deems appropriate, the subpoena or other request on the grounds of confidentiality. This Paragraph shall not apply to the disclosure of information pursuant to a third party's subpoena or request for Confidential Information or Confidential AEO Information if the party receiving the subpoena or request itself produced the documents or things called for by the subpoena or request, i.e., this Paragraph shall not apply to the disclosure of a party's own documents or things.

21. A Receiving Party that intends to file any Confidential Information or Confidential AEO Information with the Court shall notify the Producing Party at least five (5) business days prior to any such filing so that the parties, jointly or individually, may seek or request from the Court a specific order of impoundment, for good cause shown, pursuant to Local Rule 7.2 and any other applicable rules. The parties through their counsel will confer in advance of any such filing to determine if they can agree on the filing of such material, and any protections that should apply. Absent agreement among the parties, the Producing Party may proceed with a Motion to Impound, or other appropriate relief allowed under the rules of civil procedure. If the Producing Party seeking to protect such material files a Motion to Impound prior to its filing by the Receiving Party, such material will not be filed with the Court until the Court issues an Order ruling upon the Motion to Impound; provided, however, that if there is a deadline for the motion, opposition, or other legal document to which the material pertains and that deadline will pass before the Court issues such ruling, the Receiving Party may file such motion, opposition or legal document in the normal course in order to meet the deadline, but shall (a) use placeholders exhibits in lieu of the material that is subject to the Motion to Impound, and (b) use reasonable efforts to avoid specific reference to the material in publicly-filed memoranda and affidavits, subject to later amendment as appropriate. If the Producing Party does not file a Motion to Impound, the Receiving Party may file the material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the Court, with no obligation to seek impoundment by the Court on its own. The parties recognize that impoundment may only be ordered by the Court on a particularized showing of good cause.

22. This Stipulated Amended Protective Order shall be without prejudice to any party bringing before the Court at any time the question of whether any particular information is or is

not, in fact, confidential. In the event of any such dispute, the parties shall first try to resolve such dispute in good faith on an informal basis. Upon a hearing or motion on such dispute, the party asserting confidentiality shall have the burden of proving same.

23. Within sixty (60) days after conclusion of this action and any appeal thereof, any document and all reproductions of documents containing Confidential Information or Confidential AEO Information produced by a party shall be returned to the Producing Party, except as this Court may otherwise order to the extent such information was used as evidence, or if the Producing Party or its counsel so requests, destroyed with a certification of such destruction provided to the Producing Party or its counsel. As far as the provisions of any agreements entered in this action restrict the communication and use of the documents produced thereunder, such agreements/orders shall continue to be binding after the conclusion of this action, except that there shall be no restriction on documents that are used as exhibits in open Court and/or are publicly filed with the Court. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, and other papers filed with the Court, deposition transcripts and exhibits, attorney work product (including an index which refers or relates to information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents) and the trial record (including exhibits), even if such materials contain Confidential Information or Confidential AEO Information, provided that all such documents otherwise remain subject to the terms of this Stipulated Amended Protective Order.

24. This Stipulated Amended Protective Order shall be without prejudice to the right of any party to oppose production of any information for any reason other than confidentiality, or

to seek modification by the Court of any of the terms of this Stipulated Amended Protective Order.

25. If a party inadvertently produces or provides discovery that it believes is protected from discovery by any privilege or immunity, the Producing Party may give written notice to the Receiving Party or parties that the material is privileged or immune from discovery, stating the grounds for such privilege or immunity, and request that the material be returned to the Producing Party. Within five (5) days of receiving such notice, the Receiving Party shall return to the Producing Party such material and all copies thereof, provided that the Receiving Party may thereafter move the Court for an order that the material in question is not protected from discovery by the asserted privilege or immunity. The inadvertent disclosure of any documents or information protected by any privilege or immunity is not and will not be construed as a general or specific waiver of any such privilege or immunity.

26. This Stipulated Amended Protective Order is binding on all parties to this action, and on all nonparties who have executed the undertaking attached hereto, and shall remain in force and effect until modified, superseded, or terminated by order of the Court.

27. In order to expedite the discovery process, until this Stipulated Amended Protective Order has been entered by this Court, the parties agree that after counsel for the parties execute this Stipulated Amended Protective Order, it will be treated as though it has been "So Ordered."

| | |
|---|---|
| Plaintiffs,<br>THE GENERAL HOSPITAL<br>CORPORATION and<br>DANA-FARBER CANCER<br>INSTITUTE, INC.<br>By their attorneys, | Defendants,<br>ESOTERIX GENETIC LABORATORIES,<br>LLC and LABORATORY CORPORATION<br>OF AMERICA HOLDINGS,<br>By their attorneys, |

*/s/ Carolyn M. Crowley*                              */s/ Christopher R. Howe*
Douglas J. Nash (BBO# 633050)           James M. Campbell (BBO# 541882)
Carolyn M. Crowley (BBO# 663616)      Christopher R. Howe (BBO# 652445)
Barclay Damon LLP                                 Campbell Campbell Edwards & Conroy, P.C.
One Financial Center, Suite 1701            One Constitution Center, 3rd Floor
Boston, MA 02111                                   Boston, MA 02129
(617) 274-2900                                        (617) 241-3041
dnash@barclaydamon.com                    jmcampbell@campell-trial-lawyers.com
ccrowley@barclaydamon.com               chowe@campbell-trial-lawyers.com

Robert I. Steiner (admitted *pro hac vice*)
Jaclyn M. Metzinger (admitted *pro hac vice*)
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
(212) 808-7800
rsteiner@kelleydrye.com
jmetzinger@kelleydrye.com

Dated: April 29, 2020

So ORDERED AND SIGNED this ___ day of _____, 2020.

_____
Indira Talwani
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC.,<br><br>      Plaintiffs,<br><br>v.<br><br>ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>      Defendants. | C.A. No. 1:18-cv-11360-IT |

**UNDERTAKING AND CONSENT TO BE BOUND BY STIPULATED AMENDED PROTECTIVE ORDER**

I, the undersigned, do depose on oath and state as follows:

(1) My current employer is _____, and its business address is _____.

(2) I have received a copy of the Stipulated Amended Protective Order (the "Protective Order") in the above-captioned action, and I have carefully read and understand the provisions of the Protective Order. I will comply with all the provisions of the Protective Order. I will hold any Confidential Information or Confidential AEO Information so designated in confidence, I will not disclose such information to anyone not qualified under the Protective Order, and I will use such information for the purposes of this action only.

(3) Promptly upon termination of this action, I will return all Confidential Information and Confidential AEO Information as required by the Protective Order.

(4) I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Signed under the penalties of perjury, this ___day of _____ , 2020.

_____
Signature

_____
Printed Name