# **EXHIBIT I**

| | |
|---|---|
| **From:** | Steiner, Robert <RSteiner@KelleyDrye.com> |
| **Sent:** | Saturday, May 27, 2017 4:49 PM |
| **To:** | Eisenstein, Ronald |
| **Cc:** | Barlow, Joshua S.; Escobar, William; Metzinger, Jaclyn |
| **Subject:** | Re: LabCorp / Qiagen |

Ron,

[REDACTED]

Your "counteroffer" makes clear that the only issue now is how to divide the settlement proceeds. That is a matter strictly between LabCorp and MGH/DCFI and cannot be a reason to withhold consent. Indeed, withholding consent as leverage to demand a payment or anything else that has no contractual, legal or economic basis is the very definition of conduct that violates your clients' obligation to not unreasonably withhold consent. Accordingly, we request that you confirm that you consent to the settlement so we can convey that to Qiagen and the Court.

In the meanwhile, we can continue the discussions as to the proper division of proceeds consistent with the contract, the nature of the litigation and the economic and legal realities. In that regard, and based on our conversation, I note that any demand for payment by MGH that relates to alleged unpaid past royalties by Qiagen, has no basis since none of LabCorp's claims in the case have anything to do with unpaid royalties.

We suggest an in person meeting in Boston this Wednesday between in-house and outside counsel as well as business people to try to resolve this. At that time, we would be happy to explain in further detail the facts of the case, the basis for damages, the prospects for recovery and why your clients' demand for $REDACTED in exchange for its consent to settle is not reasonable based on the facts.

If no agreement is possible after that meeting then I suppose LabCorp and MGH can mediate or litigate the dispute between them. What cannot happen is that the withholding of consent terminates the best and only settlement available.

Please let me know if a Wednesday meeting can be arranged.

Rob

_____
Robert Steiner | Kelley Drye & Warren LLP
101 Park Avenue, New York, NY 10178
212.808.7965 | rsteiner@kelleydrye.com
www.kelleydrye.com

**From:** Eisenstein, Ronald <REISENSTEIN@nixonpeabody.com>
**Sent:** Friday, May 26, 2017 5:35 PM
**To:** Steiner, Robert
**Cc:** Eisenstein, Ronald; jbarlow@haugpartners.com
**Subject:** LabCorp / Qiagen

**CONFIDENTIAL SETTLEMENT COMMUNICATION – INADMISSABLE FOR ANY PURPOSE**

Dear Rob,

We have spoken to our clients; here is their counterproposal as to terms set forth in your email of 5/18 that are material to their rights and obligations:

1. The overall settlement, including the release terms described in your email, will be entirely contingent on the court entering an order vacating its prior orders invalidating the patents at issue;

2. In view of the fact that LabCorp is already deducting its legal costs from the settlement proceeds, LabCorp will agree to continue to make ongoing payments under the Master License;

3. LabCorp will also expressly agree to:

    a. authorize an immediate track 1 application for additional U.S. patent claims; and
    b. expressly ratify its commitment to continue to fund the ongoing EU opposition in the manner currently being handled as well as all other reasonable patent maintenance fees and costs;

4. As for the "settlement fund" paid by Qiagen, MGH/DFCI receive payment of $[REDACTED] of it in exchange for [REDACTED SUBJECT TO THE DEFENDANTS' MOTION TO IMPOUND] and the requested release. This is based on: (i) payments due and owing from Qiagen in light of LabCorp's allegations that Qiagen should have been paying more in the past and, thereby, into the future; (ii) setting aside any dispute over the royalty base, the proportion of their $[  ] offer that our clients believe they are entitled to under the terms of the Master License; and (iii) the inability of our client to confirm much of the information LabCorp and Qiagen have disclosed as the basis for the proposed agreement negotiated among themselves, including the assumptions underlying the $[  ] offer, much of the factual record from the litigation (which has remained sealed), and the amount of legal fees accrued by LabCorp to date.

Have an enjoyable holiday weekend; we and our clients will be prepared to address your response to the above terms on Tuesday.

Best,
Ron



**Ronald I. Eisenstein**
Partner
reisenstein@nixonpeabody.com
T 617-345-6054 | C 617-771-4064 | F 866-947-1874
Nixon Peabody LLP | 100 Summer Street | Boston, MA 02110-2131
nixonpeabody.com | @NixonPeabodyLLP

**Please consider the environment before printing this email.**
This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.