## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

THE GENERAL HOSPITAL
CORPORATION and DANA-FARBER
CANCER INSTITUTE, INC.,

              Plaintiffs,

    v.

ESOTERIX GENETIC LABORATORIES,
LLC and LABORATORY CORPORATION
OF AMERICA HOLDINGS,

              Defendants.

C.A. No: 1:18-cv-11360-IT

### DEFENDANTS' UNOPPOSED MOTION TO IMPOUND CONFIDENTIAL INFORMATION CONTAINED IN AND ATTACHED TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendants Esoterix Genetic Laboratories, LLC ("Esoterix") and Laboratory Corporation of America Holdings ("Labcorp") (collectively, "Defendants") hereby move, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, to impound certain confidential and competitive business information contained in and attached to The General Hospital Corporation and Dana-Farber Cancer Institute, Inc.'s (collectively, "Plaintiffs") Third Amended Complaint. The information sought to be impounded is the same information for which the Court has previously granted leave to impound by Orders dated July 6, 2018, August 2, 2018, September 6, 2018, November 16, 2018, January 29, 2019, February 22, 2019.  (ECF Nos 12, 37, 63, 91, 122, 132.)  As grounds for their Motion, Defendants state as follows:

        1.      On November 24, 2021, Plaintiffs filed their Third Amended Complaint and Exhibits A through K thereto (ECF Nos. 169—169-11).

2.      The Third Amended Complaint discusses and attaches two confidential agreements between the parties: a May 2, 2005 Exclusive License Agreement (the "Master License Agreement"), and a June 27, 2017 Settlement Agreement and Release (the "MGH Settlement Agreement").

3.      The Third Amended Complaint and certain of its Exhibits also reference the terms of a June 27, 2017 confidential Settlement Agreement between Defendants and third-parties QIAGEN Manchester, Ltd. and QIAGEN, Inc. (collectively "QIAGEN") (the "QIAGEN Settlement Agreement").

4.      Section 13.5 of the Master License Agreement contains a confidentiality provision that provides:

> The existence and terms of this AGREEMENT shall not be disclosed by any PARTY without prior written permission from the other PARTIES. Notwithstanding the foregoing, it is understood that it is the intention of the PARTIES to issue a press release upon execution of this AGREEMENT in accordance with Section 13.7, and after such press release becomes public, any PARTY may disclose the existence of the AGREEMENT and any information contained in such press release, without permission from the other PARTY.

5.      Section 7.4 of the MGH Settlement Agreement contains a confidentiality provision that provides:

> The Parties agree to keep the terms of this Settlement, the terms of the QIAGEN Settlement, and any documents or other information delivered pursuant to the terms of this Settlement Agreement (collectively, "Information") confidential, except as otherwise may be required by law (including compliance with the requirements of the United States and foreign governmental authorities) or the rules of any United States or foreign stock exchanges.  If a Party is required by judicial or administrative process to disclose any Information, it shall, to the extent possible, promptly notify the other Party and allow the other Party a reasonable time to oppose such process or seek a protective order from a court of competent jurisdiction.

6.     The QIAGEN Settlement Agreement also contains a confidentiality provision that requires the parties to keep the terms of the settlement, and any documents or information exchanged pursuant to those terms, confidential.

7.     In light of the foregoing confidentiality provisions, the parties agreed to redact portions of the Exhibits that they agree are irrelevant to their claims and defenses and unnecessary for the Court to view.

8.     The parties also met and conferred, and came to an agreement on, the impoundment of the following confidential information contained in the Third Amended Complaint and its Exhibits: (a) the dollar amount that Defendants paid to Plaintiffs under the MGH Settlement Agreement, including offers of dollar amounts that were exchanged prior to the final agreement; (b) substantive terms of the QIAGEN Settlement Agreement; (c) the dollar amounts that Defendants allegedly owe Plaintiffs under the Master License Agreement; and (d) the method by which royalties and other licensing fees are to be calculated under the Master License Agreement.

9.     These materials reflect sensitive and competitive business information, the disclosure of which could expose Defendants (and QIAGEN, to whom Labcorp owes a duty of confidentiality) to a substantial risk of irreparable injury.

10.     In addition, QIAGEN has not authorized the disclosure of the substantive terms of the QIAGEN Settlement Agreement at issue, and has requested that this information be maintained under seal.

11.     Accordingly, Defendants seek to impound the following materials:

(a)    the dollar amount that Defendants paid to Plaintiffs under the MGH Settlement Agreement, including offers of dollar amounts that were exchanged prior to the final

agreement, as reflected in Exhibits B, I, and J and paragraphs 21, 22, 24, 68, and 69 of the Third Amended Complaint;

(b)  information concerning the substantive terms of the QIAGEN Settlement Agreement, as reflected in Exhibit J and paragraphs 21, 22, 24, 68, and 69 of the Third Amended Complaint;

(c)  the dollar amounts allegedly owed to Plaintiffs under the Master License Agreement, as reflected in paragraphs 28, 49, 56, 65, 67, 69, 72, and 73 of the Third Amended Complaint; and

(d)  information concerning the method by which royalties and other licensing fees are to be calculated pursuant to the Master License Agreement, as reflected in Sections 4.5 and 4.6 of the Master License Agreement attached as Exhibit H to the Third Amended Complaint.

12.  The materials that Defendants seek to impound were previously impounded in Plaintiffs' Second Amended Complaint and the Exhibits thereto (ECF No. 81) pursuant to Orders issued by this Court on November 16, 2018 and January 29, 2019 (ECF Nos. 91, 122).  Defendants therefore refer the Court to, and incorporate by reference herein, their: (i) Unopposed Motion to Impound Confidential Information Contained in and Attached to Plaintiffs' Second Amended Complaint, and the Memorandum of Law and Declaration in support thereof (ECF Nos. 82-84); and (ii) Unopposed Motion to Impound Portions of Sections 4.5 and 4.6 of the Master License Agreement Attached as Exhibit H to the Second Amended Complaint, and the Joint Submission of the Parties in support thereof (ECF Nos. 119, 120).

13.  Contemporaneously with the filing of this Motion, Defendants are submitting hard copies of the Third Amended Complaint with corresponding Exhibits that: (i)

redact information that, pursuant to the parties' agreement, has no relevance to their claims or defenses; and (ii) highlight information that Defendants are requesting, and Plaintiffs do not oppose, be filed under seal.

14. Defendants request that any impoundment order remain in effect until further order of the Court.

WHEREFORE, Defendants respectfully request that this Court enter an order: (a) authorizing the impoundment of the materials referenced above; and (b) granting such other and further relief as the Court deems just and proper.

Dated: November 29, 2021
      Boston, MA

Respectfully submitted,

ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS

By their Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

*/s/ Christopher R. Howe*
James M. Campbell (BBO # 541882)
jmcampbell@campbell-trial-lawyers.com
Christopher R. Howe (BBO #652445)
chowe@campbell-trial-lawyers.com
One Constitution Center, 3rd Floor
Boston, MA  02129
Tel: (617) 241-3041
Fax: (617) 241-5115

KELLEY DRYE & WARREN LLP
Robert I. Steiner (admitted *pro hac vice*)
rsteiner@kelleydrye.com
Jaclyn M. Metzinger (admitted *pro hac vice*)
jmetzinger@kelleydrye.com
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897

5

## LOCAL RULES 7.1(a)(2) CERTIFICATION

I, Jaclyn M. Metzinger, counsel for Defendants, hereby certify that, on November 19, 2021, pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts, I conferred with Carolyn A. Marcotte, counsel for Plaintiffs, regarding the issues raised in Defendants' Motion to Impound.  Attorney Marcotte informed me that Plaintiffs have agreed not to oppose Defendants' Motion.

*/s/ Jaclyn M. Metzinger*
Jaclyn M. Metzinger (admitted *pro hac vice)*

## CERTIFICATE OF SERVICE

I, Christopher R. Howe, counsel for Defendants, hereby certify that on November 29, 2021, I electronically filed the foregoing Motion to Impound with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.  I also served a true copy of the above Motion to Impound by first class mail, postage pre-paid, on all parties of record.

*/s/ Christopher H. Howe*
Christopher R. Howe