UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>Defendants. | C.A. No: 1:18-cv-11360-IT |

**DEFENDANTS' UNOPPOSED MOTION TO IMPOUND CONFIDENTIAL INFORMATION CONTAINED IN THE MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS <u>PLAINTIFFS' THIRD AMENDED COMPLAINT</u>**

Defendants Esoterix Genetic Laboratories, LLC ("Esoterix") and Laboratory Corporation of America Holdings ("Labcorp") (collectively, "Defendants") hereby move, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, to impound certain confidential and competitive business information contained in the Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs The General Hospital Corporation and Dana-Farber Cancer Institute, Inc.'s (collectively, "Plaintiffs") Third Amended Complaint. The information that Defendants seek to impound is also referenced in the Third Amended Complaint and Exhibits thereto, and is subject to an impoundment order entered by this Court on November 29, 2021. (ECF No. 171.) As grounds for their Motion, Defendants state as follows:

1. On November 24, 2021, Plaintiffs filed their Third Amended Complaint and Exhibits A through K thereto. (ECF Nos. 169—169-11.)

2. On November 29, 2021, Defendants filed an Unopposed Motion to Impound Confidential Information Contained in and Attached to Plaintiffs' Third Amended Complaint. (ECF No. 170.)

3. The basis for Defendants' Motion to Impound was that the Third Amended Complaint discusses and attaches two confidential agreements between the parties: a May 2, 2005 Exclusive License Agreement (the "License Agreement"), and a June 27, 2017 Settlement Agreement and Release (the "MGH Settlement Agreement"). The Third Amended Complaint and certain of its Exhibits also reference the terms of a June 27, 2017 confidential Settlement Agreement between Defendants and third-parties QIAGEN Manchester, Ltd. and QIAGEN, Inc. (collectively "QIAGEN") (the "QIAGEN Settlement Agreement").

4. Section 13.5 of the License Agreement contains a confidentiality provision that provides:

> The existence and terms of this AGREEMENT shall not be disclosed by any PARTY without prior written permission from the other PARTIES. Notwithstanding the foregoing, it is understood that it is the intention of the PARTIES to issue a press release upon execution of this AGREEMENT in accordance with Section 13.7, and after such press release becomes public, any PARTY may disclose the existence of the AGREEMENT and any information contained in such press release, without permission from the other PARTY.

5. Section 7.4 of the MGH Settlement Agreement contains a confidentiality provision that provides:

> The Parties agree to keep the terms of this Settlement, the terms of the QIAGEN Settlement, and any documents or other information delivered pursuant to the terms of this Settlement Agreement (collectively, "Information") confidential, except as otherwise may be required by law (including compliance with the requirements of the United States and foreign governmental authorities) or the rules of any United States or foreign stock exchanges. If a Party is required by judicial or administrative process to disclose any Information, it shall, to the extent possible, promptly notify the

other Party and allow the other Party a reasonable time to oppose such process or seek a protective order from a court of competent jurisdiction.

6. The QIAGEN Settlement Agreement also contains a confidentiality provision that requires the parties to keep the terms of the settlement, and any documents or information exchanged pursuant to those terms, confidential.

7. In light of the foregoing confidentiality provisions, the parties agreed on the impoundment of, among other things, the following confidential information contained in the Third Amended Complaint and its Exhibits: (a) the dollar amount that Defendants paid to Plaintiffs under the MGH Settlement Agreement; and (b) the dollar amounts that Defendants allegedly owe Plaintiffs under the License Agreement.

8. These materials reflect sensitive and competitive business information, the disclosure of which could expose Defendants (and QIAGEN, to whom Defendants owe a duty of confidentiality) to a substantial risk of irreparable injury.

9. On November 29, 2021, the Court granted Defendants' Unopposed Motion to Impound Confidential Information Contained in and Attached to Plaintiffs' Third Amended Complaint.  (ECF No. 171.)

10. Defendants intend to move to dismiss the Third Amended Complaint, and to file a Memorandum of Law in support thereof, which references the same information set forth in paragraph 7 above.  Defendants therefore seek to impound those portions of the Memorandum of Law that reference such information.  Plaintiffs do not oppose this request.

11. Contemporaneously with the filing of this Motion, Defendants are submitting a hard copy of the Memorandum of Law in Support of Defendants' Motion to

Dismiss Plaintiffs' Third Amended Complaint, which highlights the information that Defendants are requesting, and Plaintiffs do not oppose, be filed under seal.

12. Defendants request that any impoundment order remain in effect until further order of the Court.

WHEREFORE, Defendants respectfully request that this Court enter an order: (a) authorizing the impoundment of the materials referenced above; and (b) granting such other and further relief as the Court deems just and proper.

Dated: December 14, 2021
      Boston, MA

Respectfully submitted,

ESOTERIX GENETIC LABORATORIES, LLC and
LABORATORY CORPORATION OF AMERICA
HOLDINGS

By their Attorneys,

CAMPBELL EDWARDS & CONROY, P.C.

*/s/ Christopher R. Howe*
James M. Campbell (BBO # 541882)
jmcampbell@campbell-trial-lawyers.com
Christopher R. Howe (BBO #652445)
chowe@campbell-trial-lawyers.com
One Constitution Center, 3rd Floor
Boston, MA  02129
Tel: (617) 241-3041
Fax: (617) 241-5115

KELLEY DRYE & WARREN LLP
Robert I. Steiner (admitted *pro hac vice*)
rsteiner@kelleydrye.com
Jaclyn M. Metzinger (admitted *pro hac vice*)
jmetzinger@kelleydrye.com
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897

## LOCAL RULES 7.1(a)(2) CERTIFICATION

I, Jaclyn M. Metzinger, counsel for Defendants, hereby certify that, on December 8, 2021, pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts, I conferred with Carolyn A. Crowley, counsel for Plaintiffs, regarding the issues raised in Defendants' Motion to Impound.  Attorney Crowley informed me that Plaintiffs have agreed not to oppose Defendants' Motion.

*/s/ Jaclyn M. Metzinger*
Jaclyn M. Metzinger (admitted *pro hac vice)*

## CERTIFICATE OF SERVICE

I, Christopher R. Howe, counsel for Defendants, hereby certify that on December 14, 2021, I electronically filed the foregoing Motion to Impound with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.  I also served a true copy of the above Motion to Impound by email on all parties of record.

*/s/ Christopher H. Howe*
Christopher R. Howe