UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION and DANA-FARBER CANCER INSTITUTE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS, <br><br> Defendants. | C.A. NO: 1:18-cv-11360-IT |

## DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendants Esoterix Genetic Laboratories, LLC ("EGL") and Laboratory Corporation of America Holdings ("Labcorp")[1] (collectively "Defendants"), by their undersigned counsel, as and for their Answer to Plaintiffs The General Hospital Corporation ("MGH") and Dana-Farber Cancer Institute, Inc.'s ("DFCI") (collectively, "Plaintiffs") Third Amended Complaint filed on November 24, 2021 (the "Complaint"), deny any liability for reformation of contract based on unilateral mistake, and any other of the causes of action described in Plaintiffs' introductory paragraph of the Complaint, and as to each individual paragraph allege as follows:

1. EGL and Labcorp deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. EGL and Labcorp deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

---

[1] Plaintiffs' remaining claim for reformation purports to be asserted against both EGL and Labcorp even though Labcorp is not a party to the License Agreement sought to be reformed. While Defendants submit that Labcorp is no longer a proper party to this action, Labcorp has answered Plaintiffs' allegations out of an abundance of caution.

3. EGL and Labcorp deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. EGL and Labcorp admit the allegations contained in paragraph 4 of the Complaint.

5. EGL and Labcorp deny the allegations contained in paragraph 5 of the Complaint, except admit that EGL is a Delaware limited liability company with its principal place of business in Burlington, North Carolina.

6. EGL and Labcorp deny the allegations contained in paragraph 6 of the Complaint, except admit that EGL's sole member is Labcorp.

7. EGL and Labcorp deny the allegations contained in paragraph 7 of the Complaint, except admit that EGL is the licensee under the License Agreement attached as Exhibit H to the Complaint, and admit that certain Labcorp officers are also officers of EGL, and respectfully refer the Court to the License Agreement, declaration, emails, correspondence and other documents referenced in paragraph 7 of the Complaint for a complete and accurate statement of their terms.

8. EGL and Labcorp deny the allegations contained in paragraph 8 of the Complaint.

9. The allegations contained in paragraph 9 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, EGL and Labcorp deny the allegations contained in paragraph 9 of the Complaint.

10. The allegations contained in paragraph 10 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, EGL and Labcorp deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 10 of the Complaint, except admit that this Court has subject matter jurisdiction over the asserted claims, and admit that EGL's sole member is Labcorp, and admit that EGL and Labcorp are organized under Delaware law with their principal places of business in North Carolina.

11. The allegations contained in paragraph 11 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, EGL and Labcorp deny the allegations contained in paragraph 11 of the Complaint, except admit that this Court has personal jurisdiction over them, and admit that EGL and Labcorp are licensed to do business in Massachusetts, and admit that EGL and Labcorp have offices in Massachusetts, and respectfully refer the Court to the agreements referenced in paragraph 11 of the Complaint for a complete and accurate statement of their terms.

12. The allegations contained in paragraph 12 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, EGL and Labcorp deny the allegations contained in paragraph 12 of the Complaint.

13. EGL and Labcorp deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. EGL and Labcorp deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, except admit that, in 2005, Plaintiffs and non-party Genzyme Corporation ("Genzyme") entered into the License Agreement attached as Exhibit H to the Complaint, and admit that Labcorp created EGL to manage certain assets Labcorp purchased from Genzyme, and admit that Genzyme subsequently assigned the License Agreement to EGL, and respectfully refer the Court to the License Agreement for a complete and accurate statement of its terms.

15. EGL and Labcorp deny the allegations contained in paragraph 15 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' mission, and admit that the License Agreement referenced therein and attached as Exhibit H to the Complaint grants certain sublicense rights to EGL, and respectfully refer the Court to said License Agreement for a complete and accurate statement of its terms.

16. EGL and Labcorp deny the allegations contained in paragraph 16 of the Complaint and respectfully refer the Court to the two agreements referenced therein for a complete and accurate statement of their terms.

17. EGL and Labcorp deny the allegations contained in paragraph 17 of the Complaint, except admit that, in 2014, EGL sued QIAGEN for, among other things, infringement of certain patents covered by the License Agreement, breach of contract, and related claims, and admit that EGL did not name Plaintiffs as parties to that lawsuit.

18. EGL and Labcorp deny the allegations contained in paragraph 18 of the Complaint.

19. EGL and Labcorp deny the allegations contained in paragraph 19 of the Complaint, except admit that EGL and Labcorp notified Plaintiffs that they had agreed on settlement terms with QIAGEN, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiffs were or were not "prepared" to do.

20. EGL and Labcorp deny the allegations contained in paragraph 20 of the Complaint.

21. EGL and Labcorp deny the allegations contained in paragraph 21 of the Complaint, and respectfully refer the Court to the settlement agreement referenced therein for a complete and accurate statement of its terms.

22. EGL and Labcorp deny the allegations contained in paragraph 22 of the Complaint, and respectfully refer the Court to the emails referenced therein and attached as Exhibit I to the Complaint for a complete and accurate statement of their terms.

23. EGL and Labcorp deny the allegations contained in paragraph 23 of the Complaint, except admit that, on May 31, 2017, the parties met in person in Boston to discuss a potential settlement, and admit that Mr. Steiner was in attendance at that meeting.

24. EGL and Labcorp deny the allegations contained in paragraph 24 of the Complaint, and respectfully refer the Court to the Settlement Agreement referenced therein and attached as Exhibit J to the Complaint for a complete and accurate statement of its terms.

25. EGL and Labcorp deny the allegations contained in paragraph 25 of the Complaint.

26. EGL and Labcorp deny the allegations contained in paragraph 26 of the Complaint, and respectfully refer the Court to the License Agreement referenced therein and attached as Exhibit H to the Complaint for a complete and accurate statement of its terms.

27. EGL and Labcorp deny the allegations contained in paragraph 27 of the Complaint.

28. EGL and Labcorp deny the allegations contained in paragraph 28 of the Complaint, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its terms.

29. EGL and Labcorp deny the allegations contained in paragraph 29 of the Complaint, except admit that the parties "never discussed" whether the general release language in the Settlement Agreement covered royalty payments that were payable based on royalty-bearing events occurring prior to June 27, 2017, and respectfully refer the Court to the emails referenced therein and attached as Exhibit I to the Complaint for a complete and accurate statement of their terms.

30. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

31. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

32. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

33. EGL and Labcorp deny the allegations contained in paragraph 33 of the Complaint, and specifically deny that any amounts are "due" under the License Agreement.

34. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

35. EGL and Labcorp deny the allegations contained in paragraph 35 of the Complaint, and respectfully refer the Court to the License Agreement referenced therein and attached as Exhibit H to the Complaint for a complete and accurate statement of its terms.

36. EGL and Labcorp deny the allegations contained in paragraph 36 of the Complaint, except admit receipt of the letter referenced therein and attached as Exhibit K to the Complaint, and respectfully refer the Court to said letter, as well as the License Agreement

6

referenced therein and attached as Exhibit H to the Complaint, for a complete and accurate statement of their terms.

37. EGL and Labcorp deny the allegations contained in paragraph 37 of the Complaint, except admit receipt of the letter referenced therein and attached as Exhibit K to the Complaint, and respectfully refer the Court to said letter, as well as the License Agreement referenced therein and attached as Exhibit H to the Complaint, for a complete and accurate statement of their terms.

38. EGL and Labcorp deny the allegations contained in paragraph 38 of the Complaint, except admit receipt of the letter referenced therein and attached as Exhibit K to the Complaint, and respectfully refer the Court to said letter, as well as the License Agreement referenced therein and attached as Exhibit H to the Complaint, for a complete and accurate statement of their terms.

39. EGL and Labcorp deny the allegations contained in paragraph 39 of the Complaint, except admit receipt of the letter referenced therein and attached as Exhibit K to the Complaint, and respectfully refer the Court to said letter, as well as the License Agreement referenced therein and attached as Exhibit H to the Complaint, for a complete and accurate statement of their terms.

## COUNT I

40. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

41. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

42. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

43. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

44. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

45. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

46. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

## **COUNT II**

47. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count II of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 47 of the Complaint.

48. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count II of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 48 of the Complaint.

49. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count II of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 49 of the Complaint.

50. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count II of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 50 of the Complaint.

51. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count II of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 51 of the Complaint.

## **COUNT III**

52. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count III of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 52 of the Complaint.

53. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count III of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 53 of the Complaint.

54. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count III of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 54 of the Complaint.

55. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

56. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count III of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 56 of the Complaint.

57. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count III of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 57 of the Complaint.

58. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count III of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 58 of the Complaint.

59. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count III of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 59 of the Complaint.

### COUNT IV

60. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

61. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

62. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

63. This paragraph has been removed from the Complaint in light of the First Circuit Court of Appeals' October 7, 2021 Opinion, and therefore no response is required.

### COUNT V

64. EGL and Labcorp repeat and reallege their responses to each paragraph above, as if fully set forth herein, in response to paragraph 64 of the Complaint.

65. EGL and Labcorp deny the allegations contained in paragraph 65 of the Complaint.

66. EGL and Labcorp deny the allegations contained in paragraph 66 of the Complaint.

67. EGL and Labcorp deny the allegations contained in paragraph 67 of the Complaint.

68. EGL and Labcorp deny the allegations contained in paragraph 68 of the Complaint, except admit that EGL paid Plaintiffs in accordance with the Settlement Agreement referenced therein and attached as Exhibit J to the Complaint, and respectfully refer the Court to that Settlement Agreement for a complete and accurate statement of its terms.

69. EGL and Labcorp deny the allegations contained in paragraph 69 of the Complaint, and respectfully refer the Court to the Settlement Agreement referenced therein and attached as Exhibit J to the Complaint for a complete and accurate statement of its terms.

70. EGL and Labcorp deny the allegations contained in paragraph 70 of the Complaint, and respectfully refer the Court to the Settlement Agreement referenced therein and attached as Exhibit J to the Complaint for a complete and accurate statement of its terms.

71. EGL and Labcorp deny the allegations contained in paragraph 71 of the Complaint, and respectfully refer the Court to the Settlement Agreement referenced therein and attached as Exhibit J to the Complaint for a complete and accurate statement of its terms.

72. EGL and Labcorp deny the allegations contained in paragraph 72 of the Complaint, except admit that the parties "never discussed" the scope of the general release language in the Settlement Agreement.

73. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count IV of the Complaint to the extent it was based on mutual mistake, EGL and Labcorp need not respond to the allegations contained in paragraph 73 of the Complaint. To the extent a response is required, EGL and Labcorp deny the allegations contained in paragraph 73 of the Complaint.

74. EGL and Labcorp deny the allegations contained in paragraph 74 of the Complaint.

## COUNT VI

75. Count VI has been withdrawn from the Complaint and therefore no response is required.

76. Count VI has been withdrawn from the Complaint, and therefore no response is required.

77. Count VI has been withdrawn from the Complaint, and therefore no response is required.

78. Count VI has been withdrawn from the Complaint, and therefore no response is required.

79. Count VI has been withdrawn from the Complaint, and therefore no response is required.

80. Count VI has been withdrawn from the Complaint, and therefore no response is required.

81. Count VI has been withdrawn from the Complaint, and therefore no response is required.

## COUNT VII

82. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count VII of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 82 of the Complaint.

83. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count VII of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 83 of the Complaint.

84. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count VII of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 84 of the Complaint.

85. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count VII of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 85 of the Complaint.

86. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count VII of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 86 of the Complaint.

87. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count VII of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 87 of the Complaint.

88. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count VII of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 88 of the Complaint.

89. In light of the Court's June 27, 2022 Memorandum and Order (ECF 187) dismissing Count VII of the Complaint, EGL and Labcorp need not respond to the allegations contained in paragraph 89 of the Complaint.

90. EGL and Labcorp specifically deny that Plaintiffs are entitled to any of the relief requested in sections (1) through (7) of the PRAYER FOR RELIEF section of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Each cause of action asserted in the Complaint is barred by the release contained in the Settlement Agreement attached as Exhibit J to the Complaint.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrines of estoppel, waiver, and/or laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrine of unclean hands.

WHEREFORE, Defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings respectfully request that this Court enter judgment as follows:

(a) Dismissing the Complaint in its entirety with prejudice;

(b) Awarding Defendants their attorneys' fees and costs; and

(c) Awarding such other and further relief as this Court may deem just and appropriate.

Dated: July 11, 2022  Respectfully submitted,
      Boston, MA

ESOTERIX GENETIC LABORATORIES, LLC and LABORATORY CORPORATION OF AMERICA HOLDINGS

By their Attorneys,

CAMPBELL EDWARDS & CONROY, P.C.

*/s/ Christopher R. Howe*
James M. Campbell (BBO # 541882)
jmcampbell@campbell-trial-lawyers.com
Christopher R. Howe (BBO #652445)
chowe@campbell-trial-lawyers.com
One Constitution Center, 3rd Floor
Boston, MA  02129
Tel: (617) 241-3041
Fax: (617) 241-5115

KELLEY DRYE & WARREN LLP

Robert I. Steiner (admitted *pro hac vice*)
rsteiner@kelleydrye.com
Jaclyn M. Metzinger (admitted *pro hac vice*)
jmetzinger@kelleydrye.com
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897

## CERTIFICATE OF SERVICE

     I, Christopher R. Howe, counsel for defendants Esoterix Genetic Laboratories, LLC and Laboratory Corporation of America Holdings, hereby certify that on July 11, 2022, I electronically filed the foregoing DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                   */s/ Christopher R. Howe*
                                   Christopher R. Howe